**UNITED STATES of America,**
**Appellee,**
v.
**Clifford DAVIS, Appellant,**
**No. 72–1469.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Nov. 13, 1972.

Decided Feb. 12, 1973.

7. See notes 2 and 3, *supra*.

John A. Ramsey, Denver, Colo., for appellant.

James F. Housley, Asst. U. S. Atty. (C. Nelson Day, U. S. Atty., with him on the brief), for appellee.

Before HILL, SETH and DOYLE, Circuit Judges.

SETH, Circuit Judge.

The defendant was found guilty by a jury on two counts of unlawfully selling depressant or stimulant drugs in violation of section 331(q)(2), Title 21, United States Code, and from the judgment entered on that verdict, defendant Davis brings this appeal.

Defendant-appellant's only contention on this appeal is that the trial court erred in not granting his motion to have the principal Government witness, Chris V. Saiz, barred from testifying at his trial.

Chris V. Saiz had been the Special Agent in Charge of the Salt Lake City Bureau of Narcotics and Dangerous Drugs office at the time defendant was arrested. The transaction which was the basis of the charge was between defendant and Saiz. There were no other eyewitnesses to the alleged sale to Saiz, although there was testimony from other officers as to the movements of then Agent Saiz in and out of the house of the defendant.

Defendant based his motion to have Saiz disqualified and barred from testifying on the fact that Saiz had entered a plea of guilty to a misdemeanor charge of depriving a person of his civil rights, after being named in a federal grand jury indictment charging him and other agents with conspiracy, perjury, and submitting a false report. This charge arose from testimony given by him at a trial in California involving facts similar to those present here. The indictment charged that Agent Saiz's alleged illegal activity took place during about the same time as the events which led to defendant's arrest and trial.

Saiz testified during the course of this trial that he had in the California trial signed an untrue report, and testified to the false facts contained in that report, and that he did so because of pressures from his superiors. He was extensively cross-examined below as to this prior false testimony. Thus, all the information bearing on the credibility of the witness Saiz was brought out at defendant's trial. The jury was faced with a choice as to whether or not they thought Saiz was telling the truth during this trial. They apparently believed that he was, and returned a verdict against the defendant.

Defendant urges that we should reverse and so rule to bar the Government from using testimony from such a witness. In support of his contention that it was error to not grant his motion to bar Saiz from testifying, defendant relies primarily on the case of Mesarosh v. United States, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956).

Mesarosh does not support defendant's contention. In that case, the Solicitor General brought to the attention of the Supreme Court the fact that the witness Mazzei, a paid Government informer, had testified falsely in proceedings subsequent to those in which the petitioners had been convicted and asked that the case be remanded to the District Court to allow the trial judge to hold a a hearing as to the truth of Mazzei's testimony in the pending case. The Supreme Court remanded the case for a new trial as to all defendants, holding that if Mazzei's testimony had been false, the trial was tainted as to all petitioners. They did not, however, hold that Mazzei could not testify at the new trial simply because his credibility had been brought into question. The Seventh Circuit, in United States v. Smith, 335 F.2d 898 (1964), cert. denied, 379 U.S. 989, 85 S.Ct. 700, 13 L.Ed.2d 609 (1965), interpreted Mesarosh, quite properly we believe, to require only that the issue of the truthfulness of the witness be presented fully to the jury. We think this interpretation is also supported by the fact that in Mesarosh, the Supreme Court cited Communist Party v. Subversive Activities Control Board, 351 U.S. 115, 76 S.Ct. 663, 100 L.Ed. 1003 (1956). There the Supreme Court had also remanded for a determination as to the truthfulness of testimony given before the Board by three informers, paid employees of the Department of Justice, who the Government felt might have testified falsely in that proceeding. Also in Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), the Court held that the testimony and the credibility of a paid Government informer was properly before the jury; that the jury was properly instructed, as they were in this case, as to the issue of credibility, and that no error had been committed. The credibility and the weight to be given the testimony of any witness is a matter for determination by the jury. United States v. Plemons, 455 F.2d 243 (10th Cir.); United States v. Frazier, 434 F.2d 238 (10th Cir.). The matter of disqualification of a witness to testify is covered under the Rules of Evidence for the United States Courts to be effective July 1, 1973. A great variety of witnesses testify and perhaps on occasion some not worthy of belief as to all their testimony but they are the only ones available. The jury is prepared under proper instructions to select and give proper weight to the testimony to be believed.

Thus we hold that the District Court was correct in permitting Agent Saiz to testify, and to leave the matter of his credibility to the jury.

Affirmed.