**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Justin BRUNOEHLER,**
**Defendant-Appellant.**

**No. 82–3097**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 9, 1983.

John L. Woodard, III, Subet & Woodard, Marc L. Lubet, Orlando, Fla., for defendant-appellant.

Joseph T. Urbaniak, Jr., Asst. U.S. Atty., Orlando, Fla., Janis Kockritz, Appellate Sect., Crim. Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.

PER CURIAM:

John Brunoehler appeals his jury conviction of possession with intent to distribute and distribution of cocaine in violation of section 841(a)(1) of Title 21 of the United States Code. Appellant's sole contention is that the district court erred in not granting a new trial when, in his closing argument, the prosecutor discredited a material government witness by describing him as untrustworthy.

The witness in question, Stephen Wyman, was a paid confidential informant for the Drug Enforcement Administration (DEA) and one of two purchasers in the drug transaction for which the appellant was convicted. Wyman purloined four ounces of the six ounces of the cocaine received during the drug transaction and concealed it from DEA agents. At trial, Wyman testified that he had given differing accounts regarding the whereabouts of the cocaine. He admitted that when first confronted by DEA agents regarding the missing cocaine he reported putting the drug in his apartment from which it was stolen. Wyman also testified that he later admitted to a grand jury that upon cleaning his van after the DEA search which followed the drug transaction he found the dampened cocaine, took it to his apartment and tried to dry it out for his own use only to discover that it had ruined. In his closing argument, the prosecutor referred to Wyman's theft of a portion of the cocaine and his differing accounts about what had happened to the drug.

I also indicated to you that Mr. Wyman stole part of the cocaine in so many words.

. . . . .

You as common sense people have been around and can probably conclude that he is less than candid when he testifies. Maybe he is trying to protect himself on a little minor point or two, or maybe it is not minor, but he is trying to protect himself on certain things.

(T. 262–63). The prosecutor also admitted that he would have doubts about Wyman's testimony if it stood uncorroborated and that it could be disregarded entirely.

So, if it were simply Mr. Wyman testifying here today that he walked in a house and he got something and it was uncorroborated, I doubt that I would put totally trust in that, and that is very serious doubt.

(T. 263).

I say throw Mr. Wyman's testimony out entirely. You will be instructed about the credibility of witnesses and that inconsistencies or whatever may cause you to disbelieve a witness' testimony in part or in whole or parts of it, and you would say, well, I will only believe Wyman where he is corroborated by other people I believe.

And I would suggest to you that Mr. Simon does that. . . .

(T. 287–88). The prosecutor, however, also argued that Wyman's testimony about the ultimate issue at trial, about who offered the cocaine for sale, was truthful and fully corroborated by another witness Simon, the other purchaser in the transaction, and by DEA agents. (T. 265).

The appellant argues that the prosecutor's admissions about Wyman's lack of credibility entitle him to a new trial free of such tainted evidence. In support of his argument, the appellant relies primarily on *Mesarosh v. United States,* 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956), and *Communist Party v. Subversive Activities Control Board,* 351 U.S. 115, 76 S.Ct. 663, 100 L.Ed. 1003 (1956). In *Mesarosh* after the defendants were convicted of violations of the Smith Act and while their case was awaiting Supreme Court review, the Solicitor General discovered that one government witness had later given wholly contradictory testimony before a legislative committee. In ordering a new trial, the Court held that since the witness gave reality to the charges against the defendants no court could conclude that his testimony was insignificant and that the testimony tainted the trial as to all petitioners. 352 U.S. at 10, 77 S.Ct. at 6, 1 L.Ed.2d at 7. The Court then referred to its decision in *Communist Party,* in which three professional informers who provided the material evidence against the defendants were subsequently put under investigation for perjury. The Court held there that if a witness's testimony in proceedings on substantially similar subject matter is perjured it does not "remove the taint for a reviewing court to find that there is ample innocent testimony to support the Board's findings." 351 U.S. at 124, 76 S.Ct. at 668, 100 L.Ed. at 1010. In *Mesarosh,* the Court concluded by stating that only a jury could determine what it would have done with a different body of evidence and that since the jury could no longer act in the case a new trial was required. 352 U.S. at 12, 77 S.Ct. at 7, 1 L.Ed.2d at 8.

Both *Mesarosh* and *Communist Party* can be distinguished from the present case. In both cases, the government discovered the perjury of its witnesses after trial. Neither the jury, in *Mesarosh,* nor the Control Board, in *Communist Party,* had the opportunity to assess the unreliability of or to disregard the witness's testimony. By contrast, in the present case the jury was fully apprised of Wyman's prior misstatements and of its right to disregard his testimony. The *Mesarosh* requirement that "the issue of the truthfulness of the witness be presented fully to the jury," *United States v. Davis,* 473 F.2d 1023, 1025 (10th Cir.1973), appears to have been met.

Appellant also attempts to rely on two more recent applications, *Williams v. United States,* 500 F.2d 105 (9th Cir.1974), and *United States v. Chisum,* 436 F.2d 645 (9th Cir.1971), of the principle that convictions based on tainted evidence cannot stand. Unlike the present case, however, the unreliability of those material witnesses was not discovered until after trial. In addition, in *Chisum* the tainted testimony provided the foundation upon which the conviction of the defendant rested. 436 F.2d at 646. In the present case, Wyman's testimony on the identification of the appellant as the seller of the cocaine was fully corroborated by an eyewitness who also participated in the purchase.

102

■ *Mesarosh* and its progeny are inapposite to the appellant's argument for still another reason. *Mesarosh* has been interpreted to apply only to those cases in which the credibility of a government witness has been discredited by the witness's commission of *perjury* in other similar cases. *United States v. Krasny,* 607 F.2d 840, 845 (9th Cir.1979). The appellant in the present case never alleges that Wyman perjured himself at trial. Wyman's inconsistent stories about the cocaine preceded the trial. In describing the credibility of his witness, the prosecutor pointed out these differing accounts while at the same time explaining why Wyman might have lied earlier. The belief of the prosecutor as to Wyman's credibility or lack of it is not determinative. In *United States v. Mathis,* 668 F.2d 1157 (10th Cir.1982), even a prosecutor's subsequent belief that a witness committed perjury was not found to warrant a new trial where the issue of the truthfulness of the witnesses was fully presented to the jury and no evidence surfaced that perjury had been committed. *Id.* at 1160. Since the issue of Wyman's credibility was fully presented to the jury and appellant makes no claim that Wyman committed perjury, we affirm the district court's denial of a motion for new trial.

AFFIRMED.