No. 17,875.

ELVIRA N. BROWN, ADMINISTRATRIX ESTATE OF JOHN H. STATTON, DECEASED *v.* J. W. STOOKEY, ET AL.

(298 P. [2d] 955)

Decided June 25, 1956.

Messrs. STINEMEYER & STINEMEYER, for plaintiff in error.

Messrs. MURPHY & MORRIS, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

THE controlling question to be answered is whether or not this case is a tort action that does not survive, or is it an action for recovery of property? Due to the fact that the record discloses the death of some of the parties involved, our so-called survival statute is controlling and is as follows, C.R.S. '53, 152-1-9:

"What actions survive. All actions in law whatsoever, save and except actions for slander or libel, or trespass for injuries done to the person, and actions brought for the recovery of real estate, shall survive to and against executors, administrators and conservators."

A reading of the amended complaint clearly discloses that the action is brought to recover money allegedly obtained through fraudulent means. There is no intimation of any injury to the person now deceased and whose administratrix instituted this action.

John H. Statton was a mental incompetent and this action was originally filed by Harold D. Brown as conservator of his estate. Brown died and his wife, now plaintiff in error, was appointed conservatrix in his stead, and upon the death of Statton she was appointed as administratrix and on February 19, 1954, filed the second amended complaint herein. This complaint was against J. W. Stookey and Fannie Stookey. June 11, 1955, defendant J. W. Stookey died and the administratrix filed a motion to permit the continuance of the action against deceased defendant, J. W. Stookey, which motion was filed in opposition to a motion to dismiss the action against J. W. Stookey on the ground that the action did not survive.

Stookey and his wife operated a hotel in Canon City,

Colorado, where Statton, the mental incompetent, resided. About October of 1948 Statton, because of delusions, became incapable of attending to his business affairs and it is alleged that Mrs. Stookey gained his confidence and a full knowledge of his business through kindness and personal care. Having this knowledge, she conspired with her husband to defraud Statton of his monies, and by the conspiracy, the Stookeys, through alteration, raising and forging of checks drawn on Statton's account in a Kansas bank, fraudulently obtained monies in excess of $6000 according to the bill of particulars on file in the action. The prayer of the amended complaint was for $6000 compensatory damages and $15,000 exemplary damages.

After the case was set for trial, counsel for the Stookeys filed a motion to dismiss as to defendant J. W. Stookey on the ground that he had died prior to the setting of the case and that the action against him did not survive. Plaintiff filed a motion to permit the continuance of the action by substituting the personal representative or the heirs of Stookey in his stead. On hearing of these motions, the court found that the action as against J. W. Stookey, deceased, is a tort action ex delicto and does not survive, and that the action abates. The court ruled, however, that the action was still alive as to defendant Fannie Stookey. Counsel believed that the order of the court as directed to the action against J. W. Stookey was a final order and time was allowed within which to prosecute this writ of error.

We are unable to understand the reasoning that prompted the rulings of the trial court, which seemed to be inconsistent, because it at all times allowed the action to survive to and be maintained on behalf of deceased plaintiff, which has never been challenged by defendants. It is inconsistent that one rule should be adopted in determining the survivability of a claim as to a plaintiff and apply an opposite rule as to the defendant. The claim accrued as of the time of the acts of which com-

14

plaint is made, at which time both plaintiffs and the two defendants were living. The true nature of the claim or the cause of action did not change. It is not to be disputed that the claim survived to plaintiff's personal representative and the death of one of the defendants did not change the survivability character of the cause of action. The ruling of the trial court that it was not a survivable action would necessarily mean that the entire case be dismissed and when the trial court ruled contrary to dismissal of the entire case and held that it could proceed as to the other defendant, it is inconsistent with a ruling of dismissal against defendant Stookey. We believe the trial court misconceived the true nature of the action. The second amended complaint clearly discloses that it was for the recovery of money had and received by the Stookeys through fraudulent means, and it is not an action for trespass for injuries done to the person, which, of course, is barred by the survival statute. This Court said in *Kelley v. Union Pacific Railway Co.*, 16 Colo. 455, 27 Pac. 1058, that the so-called survival statute hereinabove quoted was to prevent certain actions or causes of action *already accrued* from abating by reason of the death of either of the parties.

■ An action for fraud and deceit practiced upon another whereby he is induced to incur financial loss is ordinarily an action for injury to property and not for injury to the person.

If fraud or conspiracy was the means employed to obtain the money from Statton, this action is clearly brought to recover that money and does not sound in tort.

By abating the action against J. W. Stookey the court unwittingly restricted and limited the evidence that would be proper and admissible in establishing the claim against the remaining defendant.

■ The amount of money sought to be recovered as money had and received, is susceptible of accurate determination and this presents the clear distinction

between a property tort and that of a personal tort claim.

According to this, our determination of the question here involved, it follows that the judgment must be, and is, reversed and the cause remanded with directions to proceed in harmony with the views herein expressed.