**Berniece A. SHANK, Plaintiff,**

v.

**Al NAES; Richard Hurley; Brian Shea; Debbie Redmond; and Glen A. Youngdahl, Defendants.**

No. 80–4200.

United States District Court, D. Kansas.

Sept. 16, 1983.

Fred W. Phelps, Jr., Topeka, Kan., for plaintiff.

King, Stokes, Knudson & Nitz, and Constance M. Achterberg, Asst. Co. Atty for Saline Co., Kan.; William Rex Lorson, Saline Co. Atty., Salina, Kan., for Naes, Hurley, Shea & Redmond.

William Hergenreter, Topeka, Kan., for Glenn A. Youngdahl.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is a civil rights action brought by the plaintiff, Berniece A. Shank, against Al Naes, sheriff of Saline County, Kansas; Richard Hurley, Brian Shea, and Debbie Redmond, sheriff's deputies in Saline County, Kansas; and Glenn A. Youngdahl, a former neighbor of the plaintiff. Plaintiff claims that the defendants conspired to falsely arrest and imprison her on April 1, 1980, in violation of 42 U.S.C. §§ 1983 and 1985. Plaintiff also makes claims against the defendants of an unlawful search and assault and battery under § 1983. This matter is presently before the court upon the motion of defendant Youngdahl for summary judgment and the motion of the other defendants for summary judgment.

The court has heard oral argument on both motions and is now prepared to rule.

In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non-moving party. *Mogle v. Sevier County School Dist.*, 540 F.2d 478, 482 (10th Cir.1976). The burden is upon the moving party to prove his entitlement to summary judgment beyond a reasonable doubt. *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir.1979). However, where a defendant files a motion for summary judgment which is fully supported by affidavits and depositions, it is plaintiff's burden to come forward and show an existing issue of material fact which should preclude summary judgment. *Stevens v. Barnard*, 512 F.2d 876, 878 (10th Cir.1975). Mere conclusory allegations do not serve to establish a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970).

Summary judgment, it must be remembered, is a drastic remedy to be applied with caution in order to preserve a litigant's right to trial. *Machinery Center, Inc. v. Anchor National Life Ins. Co.*, 434 F.2d 1, 6 (10th Cir.1970). Nevertheless, if after consideration of all the facts and the drawing of all inferences from those facts in favor of plaintiff, it is discovered that no triable issue of material fact exists, the defendant is entitled to summary judgment as a matter of law. *Buell Cabinet Co., Inc. v. Sudduth*, 608 F.2d 431, 433 (10th Cir.1979).

Before examining the arguments made by the defendants in the instant motions, the court finds it first necessary to address one point. At oral argument, the court raised the question as to whether the plaintiff had a viable § 1985 claim. Upon questioning by the court, plaintiff stated that she was proceeding under subsection (3) of § 1985. 42 U.S.C. § 1985(3) provides, in pertinent part:

> If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly,

any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; , .. in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

■ Section 1985(3) has been construed to require a class-based discriminatory animus. *Griffin v. Breckinridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). The issue presented by the court at oral argument was whether plaintiff was a member of any class protected by § 1985(3) and whether any class-based discriminatory animus was present here. Plaintiff's complaint had made absolutely no mention of any class-based discriminatory animus. Following oral argument, plaintiff submitted a letter to the court in which she apparently suggests that she is a member of a class consisting of the mentally ill. The question of whether such a class as the mentally ill is protected under § 1985(3) is not settled. Compare *People of the State of New York v. 11 Cornwell Co.*, 695 F.2d 34, 42–43 (2d Cir.1982) (mentally retarded are protected class) with *Cain v. Archdiocese of Kansas City, Kansas*, 508 F.Supp. 1021, 1026–1027 (D.Kan.1981) (handicapped persons not protected class). The court finds it unnecessary to reach that issue because here there is a complete lack of evidence of the type of class-based, invidiously discriminatory animus envisioned in *Griffin.* As pointed out by the defendants, plaintiff's suggestion that the defendants' actions were taken against her because she is mentally ill were raised for the first time in the letter submitted to the court following oral argument. Nothing has been alleged nor shown by the plaintiff that the defendants' actions were taken against her because she was mentally ill. In fact, plaintiff has consistently defended her mental capacity in this case.

The court also notes that plaintiff, in her letter to the court, cited the case of *Hampton v. City of Chicago*, 484 F.2d 602 (7th Cir.1973) for support of her § 1985(3) claim. The court has carefully reviewed this case and finds that it provides no support whatsoever for plaintiff's position in this case.

In sum, we find that summary judgment must be granted to the defendants on plaintiff's § 1985(3) claim.

We shall now move to the arguments contained in the defendants' motions. In their motion for summary judgment, defendants Naes, Shea and Redmond assert a number of arguments. First, they argue that they are immune because the record shows that they acted in good faith in the arrest and incarceration of the plaintiff. Second, they contend that the plaintiff has made an insufficient showing that the defendants conspired to arrest and detain the plaintiff. Third, they argue that plaintiff's arrest and detention does not present a violation of § 1983. Fourth, they contend that plaintiff has failed to show an active role by defendant Naes in plaintiff's arrest and detention. Fifth, they assert that plaintiff has made no showing of an illegal search by the defendants. Sixth, they contend that plaintiff has failed to show an entitlement to punitive damages. Finally, they argue that this action should be dismissed because plaintiff is not the real party in interest pursuant to Fed.R.Civ.P. 17. In his motion, defendant Youngdahl joins in the motion of the other defendants on the issue of the legality of plaintiff's arrest and incarceration. Defendant Youngdahl also contends that the plaintiff has presented no evidence of any conspiracy involving him in the instant record.

The court wants to first address the arguments of defendants Naes, Shea and Redmond concerning Fed.R.Civ.P. 17. These defendants argue that this action should be dismissed because plaintiff is not

the real party in interest. Their argument is based upon the fact that plaintiff is presently under a guardianship and conservatorship and has been since September 7, 1979. The defendants first raised this matter in their answer filed on August 8, 1980. They assert that since the plaintiff has not taken any steps to substitute or join the proper party then this action should be dismissed under Rule 17(a).

Fed.R.Civ.P. 17(a) provides as follows: Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

It is accurate that the plaintiff has not taken any steps to join or substitute her guardian and conservator since the defendants raised the issue in their answer. However, it is plaintiff's position that the matter was never formally brought before the court until the defendants filed their motion for summary judgment. At oral argument, plaintiff advised the court that she would be willing to substitute her guardian and conservator if the court found it necessary.

The exact manner for raising an objection that plaintiff is not the real party in interest and when to make that challenge is not entirely clear. 6 Wright & Miller, *Federal Practice and Procedure: Civil* § 1554, pp. 700–01. Here, the defendants should probably have filed a motion to dismiss. In addition, the plaintiff should probably have taken steps to substitute her guardian and conservator after she received the defendants' answer. Nonetheless, we believe that the interests of justice would be served by now allowing the plaintiff to substitute the proper party. The purpose of Rule 17(a) is to avoid the forfeiture of just claims. *Carter v. City of Emporia, Kansas,* No. 79–1654 (D.Kan., unpublished, 4/12/83). At oral argument, defendants suggested that they would be prejudiced if this action was not dismissed because they could not rely on the deposition and interrogatories of the plaintiff due to her incompetency. We find no merit to this argument. Rule 601 of the Federal Rules of Evidence eliminates all grounds of witness incompetency with respect to claims as to which federal law provides the rule of decision except those specifically recognized in the Federal Rules of Evidence. Rule 601 does not specify a measure of mental capacity as a condition precedent to the giving of testimony. Mental deficiency affects the weight accorded testimony, not its admissibility. *See United States v. Roach,* 590 F.2d 181, 185 (5th Cir.1979); *United States v. Davis,* 473 F.2d 1023, 1025 (10th Cir.1973). The Advisory Committee's Note states:

No mental or moral qualifications for testifying as a witness are specified. Standards of mental capacity have proved elusive in actual application. A leading commentator observes that few witnesses are disqualified on that ground. Weihofen, Testimonial Competence and Credibility, 34 Geo.Wash.L. Rev. 53 (1965). Discretion is regularly exercised in favor of allowing the testimony. A witness wholly without capacity is difficult to imagine. The question is one particularly suited to the jury as one of weight and credibility, subject to judicial authority to review the sufficiency of the evidence.

Thus, we find no problem present regarding plaintiff's deposition and her answers to the interrogatories propounded by the defendants. However, we do believe that plaintiff's guardian and conservator should be substituted as the plaintiff in this action. The court shall allow plaintiff ten days to file an amended complaint in which that substitution is made.

■ As to the other arguments raised by the defendants, we do not find that we can grant summary judgment on any of them. The court has carefully reviewed the record and we do believe that the defendants have presented some very strong arguments. However, we are not convinced that the defendants have proven their entitlement to summary judgment on these issues beyond a reasonable doubt. The court shall carefully scrutinize these issues at time of trial to see if the defendants are entitled to judgment in this case. Therefore, except as noted above, defendants' motions for summary judgment shall be denied.

IT IS THEREFORE ORDERED that defendants' motions for summary judgment be granted in part and denied in part. Plaintiff's claim under 42 U.S.C. § 1985(3) is hereby dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiff shall file an amended complaint within ten (10) days of the date of this order which reflects the substitution of plaintiff's guardian and conservator as the plaintiff in this action.

IT IS SO ORDERED.