Ted and Debra SCHEUFLER, husband and wife; Paul and Elva Scheufler, husband and wife; Harvey Wilhaus; Alice M. Richmond; Mabel V. Colle Trust; Kenneth D. and Eileen P. Knapp, husband and wife; Peirce Knapp Farms, Inc., by Walter C. Peirce, President; and Violet Stockham, Plaintiffs,

v.

GENERAL HOST CORPORATION, a New York Corporation, Defendant.

Civ. A. No. 91–1053–FGT.

United States District Court, D. Kansas.

July 18, 1995.

Casey R. Law, Bremyer & Wise, P.A., McPherson, KS, H. Lee Turner, H. Lee Turner, P.A., Great Bend, KS, for Ted Scheufler, Debra Scheufler, Paul Scheufler, Elva Scheufler, Harvey Wilhaus, Alice M. Richmond, Mable V. Colle, and Violet Stockham.

H. Lee Turner, H. Lee Turner, P.A., Great Bend, KS, for Kenneth D. Knapp.

Casey R. Law, Bremyer & Wise, P.A., McPherson, KS, H. Lee Turner, H. Lee Turner, P.A., Great Bend, KS, Kenneth E. Peirce, Turner & Boisseau, Chtd., Hutchinson, KS, for Eileen Knapp and Peirce Knapp Farms, Inc.

Thomas D. Kitch, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS, William R. Sampson, Bill J. Hays, Paul W. Rebein, Shook, Hardy & Bacon, Overland Park, KS, Rodney Zerbe, Thomas F. Munno, William F. Downey, Dechert, Price & Rhoads, New York City, for General Host Corp.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This is a nuisance action brought by several landowners who claim that the groundwater underlying their properties was polluted by salt which escaped from the American Salt plant in Lyons, Kansas, while it was owned by a wholly owned subsidiary of the defendant. The plaintiffs claim that because of the pollution, they are unable to grow irrigated corn on their properties. Trial of this matter commenced on June 27, 1995, and is expected to last another two weeks or more.

Most of the plaintiffs in this action are absentee landowners who have tenants farm the land under sharecropping arrangements. During the presentation of its case, the plaintiffs offered evidence of agreements between the landowners and their tenants that the landowners would pay all the expenses of this litigation and would take any recovery. The court permitted the plaintiffs to testify as to the substance of the agreements over defendant's objection.

Defendant had objected on the ground that under Kansas law, a landowner and tenant whose interests have been injured by the wrongful act of a third person each have a cause of action, and each may recover only the damage to his or her own interest. *Binder v. Perkins*, 213 Kan. 365, 516 P.2d 1012 (1973). In *Binder*, a case involving a sharecropping lease, the court held that the tenant plaintiff's recovery was limited by the terms of the lease, which provided for a two-thirds share for the tenant. The defendant, therefore, argues that in this case, the landowners cannot recover the tenants' shares of the net profits from growing irrigated corn. The court agrees.

Furthermore, the court agrees with defendant that Kansas law prohibits the assignment of tort claims.[1] Therefore, the landowner plaintiffs cannot recover their tenants' damages regardless of the agreements to the contrary and regardless of whether

---

1. There is some authority that fraud claims are assignable under Kansas law, *In re Mid America Broadcasting, Inc.*, 45 B.R. 507 (Bnkr.Kan.1984) but there is no precedent for permitting assignment of the type of claim in this case.

those agreements are termed "assignments" or "authorizations." Likewise, the ratification language of Fed.R.Civ.P. 17(a), quoted below, is inapplicable to defeat the state substantive law prohibiting assignment of tort claims. *Star Mfg. Co., Inc. v. Mancuso,* 680 F.Supp. 1496, 1498 (D.Kan.1988).

In anticipation of the court's decision on the above questions, the plaintiffs have moved for joinder of the tenants under Federal Rule of Civil Procedure 17(a), which deals with real party in interest. Defendant opposes the motion.

■ The real party in interest is the party that has a substantive right that is enforceable under the applicable substantive law. *See Whelan v. Abell,* 953 F.2d 663, 672 (D.C.Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 300, 121 L.Ed.2d 223 (1992); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). In this case, the tenants are the real parties in interest as to the portion of the net profits they would have received from growing irrigated corn. The last sentence of Rule 17(a) provides:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

■ Rule 17(a) does not state how a real party in interest objection is to be raised. Plaintiffs argue that the defendant has waived its real party in interest argument by failing to raise it until trial. *See* 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1554 (1990). The court disagrees. Before trial, the defendant did not invoke Rule 17(a) by its terms and did not seek a ruling on the real party in interest issue. However, the defendant made clear from the beginning of this litigation its position that the plaintiffs'

damages would be limited to their share of the net profits and that they could not recover on behalf of their tenants.

■ Defendant, on the other hand, argues that the plaintiffs' motion to join the tenants as plaintiffs comes too late, and that to permit such joinder would unfairly prejudice the defendant. Defendant has not had the opportunity to conduct discovery on new issues that tenants' claims present. Defendant is also concerned that the jury will infer fault from the change in trial strategy which may be necessary to defend against the tenants' claims.

The Rule 17(a) issue should have been addressed long before trial, either by a motion from the defendant or by plaintiffs' joinder of the tenants as soon as they knew defendant contested the landowners' right to recover the tenants' damages.[2] However, because the purpose of Rule 17(a) is to avoid the forfeiture of meritorious claims, the court will permit the tenants to join as plaintiffs. *Shank v. Naes,* 102 F.R.D. 14, 17 (D.Kan. 1983). Furthermore, under the terms of Rule 17(a), the joinder is effective as if the tenants had been named as plaintiffs at the commencement of the lawsuit.

The court will take reasonable steps to prevent any unfair prejudice to the defendant, including allowing defendant to conduct any necessary discovery and instructing the jury on the reason why some witnesses may have to be recalled and questioned on new matters. The court notes that although joining the tenants brings new issues to this trial, the issues are relatively few and relatively simple, thus minimizing any possible prejudice. The parties have stipulated as to how the landowners and their tenants would have split the expenses and proceeds from growing irrigated corn, which was potentially the most thorny new issue.

Finally, the defendant argues that two of the tenants, Jack Engelland and Eddie Tobias, should not be joined as plaintiffs because they have already settled their claims against the defendant. Without revealing the details

---

2. The plaintiffs should have known this would be an issue because the problem came up in *Miller v. Cudahy,* which involved the same pollution and the same plaintiffs' attorneys. The court permitted joinder of the tenants in that case.

of the settlement agreement, which has been filed under seal, the court agrees that the settlement agreement releases all liability for past, present, and future claims by Engelland, Tobias, and the other parties to the agreement relating to the pollution from American Salt.

The court rejects the plaintiffs' contention that any ambiguities in the settlement agreement should be construed against the defendant, who drafted the document. The settlement agreement was the product of negotiations between represented parties. The identity of the scrivener is immaterial.

Furthermore, the court rejects the plaintiffs' argument that the settlement agreement fails for lack of consideration as to Eddie Tobias because he received none of the proceeds. Eddie Tobias agreed to the terms of the settlement, including that decisions regarding distribution of the proceeds would be left to the releasors and their attorneys. In arguing that Eddie Tobias received no consideration for the settlement, it was argued that he agreed to the settlement for the benefit of his parents. This is itself consideration.

Accordingly, Eddie Tobias and Jack Engelland will not be permitted to join as plaintiffs. The court will, however, permit the other tenants, Lee Scheufler and Loren and Eugene Colle, to join as plaintiffs, and joinder will be effective from the commencement of the lawsuit.

**IT IS BY THIS COURT THEREFORE ORDERED** that plaintiffs' motion to join additional plaintiffs is granted in part and denied in part. Lee Scheufler and Loren and Eugene Colle are granted leave to join this action as plaintiffs pursuant to Fed. R.Civ.P. 17(a).