**US FAX LAW CENTER, INC., a Colorado corporation, Plaintiff,**

v.

**IHIRE, INC., n/k/a Value Asset Leasing, Inc., a Maryland corporation, et al., Defendants.**

No. CIV.04–B–344(CBS).

United States District Court, D. Colorado.

March 28, 2005.

Frank J. Ball, Frank J. Ball, Law Offices, Greenwood Village, CO, for Plaintiff.

Kenneth Kent Skogg, Brandee L. Caswell, Lowe, Fell & Skogg, LLC, Denver, CO, for Defendants.

**1250**

## MEMORANDUM OPINION AND ORDER

BABCOCK, Chief Judge.

A hearing in this matter took place on March 16, 2005. This is an action removed from Colorado state court under diversity jurisdiction. Plaintiff, U.S. Fax Law Center ("Plaintiff" or "USFLC"), an "assignee," alleges that Defendants iHire and persons employed by or otherwise related to iHire ("Defendants") sent 143 "junk faxes" to various commercial entities, "assignors," in violation of both the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Colorado Consumer Protection Act ("CCPA"), C.R.S. § 6–1–101 *et seq.*

Plaintiff seeks statutory damages in the amount of $151,0000, plus an additional amount of three times the statutory damages to the extent that willful, knowing, and/or bad-faith violations are shown, plus attorney fees, for a total of $478,000 plus costs. Plaintiff further seeks injunctive relief preventing Defendants from continuing to send "junk faxes." Plaintiff also brings a common-law claim for invasion of privacy. Additionally, although not associated with this motion, Plaintiff brings Colorado common-law claims for negligence, trespass, and conversion, all based on the same facts underlying the TCPA/CCPA claim.

The issue before me is whether to certify two "outcome-determinative" questions of law to the Supreme Court of Colorado. First, are claims for statutory damages under the TCPA assignable under Colorado law? Second, in view of the fact that the CCPA was amended by House Bill 04–1125 during the 2004 Regular Session of the Colorado General Assembly, with the amendments taking effect on August 4, 2004, *see* C.R.S. § 6–1–702, was there a private right of action in Colorado under the TCPA prior to the effective date of the amendments? Because the first question can be answered "no" under settled law, and because this answer defeats Plaintiff's claim of standing so I need not answer the second question, I will deny the motion to certify.

Defendants do not contest the motion to certify these questions. However, they filed a substantive motion to clarify and correct what they perceive as Plaintiff's failure to fully and accurately characterize the issues. They also filed a motion to dismiss, which is fully briefed, ripe, and properly before me, from which I glean arguments and law relevant to this Order.

Colorado Appellate Rule 21.1(a) states:

The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a United States District Court, or the United States Court of Claims, when requested by the certifying court, if there is involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court.

47 U.S.C. 227(b)(3) (the TCPA, "Private Right of Action") states:

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its

discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## Are Claims for Statutory Damages under the TCPA Assignable under Colorado Law?

Plaintiff's sole basis for standing in this case is as an assignee. It contacted various commercial entities throughout the Denver metropolitan area and asked them to assign it their rights in any unsolicited fax advertisements they received, including those sent by Defendants. Plaintiff then agreed to pay each of the entities a nominal sum if Plaintiff won the lawsuit.

The TCPA provides for a private right of action for statutory damages. It is silent on the issue of assignment of claims for those damages. The Colorado Supreme Court has ruled that where a federal statute is silent on the issue of assignment, courts are to fill the statutory gaps by referring to principles of common law. *See Tivoli Ventures v. Bumann,* 870 P.2d 1244, 1248 (Colo.1994), quoting *FDIC v. Bledsoe,* 989 F.2d 805 (5th Cir.1993). Under Colorado law, "[w]hile the law favors assignability of rights generally, it does not allow assignments for matters of personal trust or confidence, or for personal services." *Roberts v. Holland & Hart,* 857 P.2d 492, 495 (Colo.Ct.App.1993). The test for assignability is whether the cause of action would survive to the executors or administrators of the party in case of his death. *Olmstead v. Allstate Ins. Co.,* 320 F.Supp. 1076, 1078 (D.Colo.1971) (interpreting Colorado law).

Colorado's survival statute, C.R.S. § 13–20–101(1), states in relevant part:

All causes of action, except actions for slander or libel, shall survive and may be brought or continued notwithstanding the death of the person in favor of or against whom such action has accrued, but punitive damages shall not be awarded nor penalties adjudged after the death of the person against whom such punitive damages or penalties are claimed; and, in tort actions based upon personal injury, the damages recoverable after the death of the person in whose favor such action has accrued shall be limited to loss of earnings and expenses sustained or incurred prior to death and shall not include damages for pain, suffering, or disfigurement, nor prospective profits or earnings after date of death.

Therefore, under C.R.S. § 13–20–101(1), the only explicit causes of action which do not survive the death of the claimant are slander, libel, and claims for certain enumerated damages in a tort action based on a personal injury. Plaintiff contends that the TCPA claims are for statutory damages of $500 plus an additional amount aggregating three times the amount if the violation of the TCPA was knowing or willful. As such, Plaintiff says, the claims do not fall under the statutory exceptions.

In contrast, Defendants contend first that the claims are not assignable because personal torts that are not based on injury to property do not survive the life of the individual claiming injury. *See Stanley v. Petherbridge,* 96 Colo. 293, 42 P.2d 609 (1935), overruled in unrelated part by *Publix Cab Co. v. Colorado Nat'l Bank,* 139 Colo. 205, 338 P.2d 702 (1959). *See also, Brown v. Stookey,* 134 Colo. 11, 298 P.2d 955 (1956);

Defendants point out that the survivability statute reads: "in tort actions based upon personal injury, the damages recoverable after the death of the person in whose favor such action has accrued *shall be limited to loss of earnings and expenses sustained or incurred prior to death* and shall not include damages for pain, suffering, or disfigurement, nor prospective

profits or earnings after date of death." C.R.S. § 13–20–101(1) (emphasis provided by Defendants). Defendants contend that the TCPA claim sounds in tort and is predicated upon personal injury for purposes of Colorado's survival statute. Moreover, they argue that the TCPA claims are not assignable as a matter of law because they are essentially invasion-of-privacy tort claims. I agree with both contentions.

■ Under well-established law, a cause of action for invasion of privacy is not assignable and cannot be maintained by persons other than the individual whose privacy is invaded. *See* Restatement (Second) of Torts § 652(I) ("Except for the appropriation of one's name or likeness, an action for invasion of privacy can be maintained only by a living individual whose privacy is invaded."); *Seidl v. Greentree Mortg. Co.,* 30 F.Supp.2d 1292, 1302 (D.Colo.1998); *In re Medical Lab. Mgmt. Consultants,* 931 F.Supp. 1487, 1493 (D.Ariz.1996); *Memphis Dev. Foundation v. Factors, Etc., Inc.,* 616 F.2d 956, 960 (6th Cir.1980).

■ The TCPA is designed to protect privacy interests. *See International Science & Tech. Inst. v. Inacom Communs., Inc.,* 106 F.3d 1146, 1149 (4th Cir.1997) citing S.Rep. No. 102–178, at 1 (1991) ("the TCPA was enacted to 'protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile ([f]ax) machines and automatic dialers.'"); *Missouri* ex rel. *Nixon v. Amer. Blast Fax, Inc.,* 323 F.3d 649, 657 n. 5 (8th Cir.2003), citing S.Rep. No. 102–178, at 4 & n. 4, 5 & n. 5 (1991) ("Because Congress found telemarketing solicitations made by a person to be less of a nuisance or of an invasion of privacy than artificial or prerecorded calls, live solicitations are permitted unless an individual has registered an objection in advance ... while 'artificial' calls are prohibited without the recipient's express consent. *Artificial or prerecorded messages, like a faxed advertisement, were believed to have heightened intrusiveness* because they are unable to 'interact with the customer except in preprogrammed ways.'") (emphasis added).

Indeed, eight federal district courts in nine decisions since August 2002 have found that the TCPA exists to protect privacy interests and thus, claims alleging violations of its provisions by transmission of unsolicited facsimiles trigger insurance coverage or other relief that is available for invasions of the right to privacy: *See Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.,* 323 F.Supp.2d 709 (E.D.Va.2004); *Park Univ. Enters. v. Am. Cas. Co. of Reading,* 314 F.Supp.2d 1094 (D.Kan.2004); *Registry Dallas Assocs. v. Wausau Bus. Ins. Co.,* 2004 WL 614836 (N.D.Tex.2004); *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.,* 300 F.Supp.2d 888 (E.D.Mo.2004); *Am. States Ins. Co. v. Capital Assocs. of Jackson County, Inc.,* Docket No. 02–00975–DRH, 2003 WL 23278656 (S.D.Ill.2003); *Hooters of Augusta, Inc. v. Am. Global Ins. Co.,* 272 F.Supp.2d 1365 (S.D.Ga. 2003); *Western Rim Inv. Advisors, Inc. v. Gulf Ins. Co.,* 269 F.Supp.2d 836 (N.D.Tex. 2003); *Merchant's & Businessmen's Mut. Ins. Co. v. A.P.O. Health Co., Inc.,* 228 N.Y. L.J. 22 (N.Y.Sup.Ct.2002); *Prime TV, LLC v. Travelers Ins. Co.,* 223 F.Supp.2d 744 (M.D.N.C.2002).

■ It is undisputed that Plaintiff never received any of the faxes at issue. Therefore, Defendants say, it lacks standing to bring the claims. I agree. TCPA claims amount to personal-injury privacy claims. Because Plaintiff does not seek to recover "loss of earnings and expenses" under C.R.S. § 13–20–101(1), but instead seeks

statutory damages, the survivability of such claims for relief is precluded. And because the claims are privacy claims, the claims cannot be assigned.

■ Finally, Defendants contend that claims under the TCPA are not assignable because the statute is penal in nature. Generally, the right to recover a penalty is not assignable in the absence of express statutory language to the contrary because the assignability of such claims encourages litigation. *See* 36 Am Jur.2d, *Forfeitures and Penalties* § 56. This has been acknowledged by the Colorado Supreme Court. *See Credit Men's Adjustment Co. v. Vickery,* 62 Colo. 214, 218, 161 P. 297 (Colo.1916). The TCPA does not contain express language to the contrary.

■ The Colorado Supreme Court provides a test for whether a statute is penal. *See Palmer v. A.H. Robins Co.,* 684 P.2d 187, 214 (Colo.1984). First, to be penal, a statute must create a new and distinct statutory cause of action. *Id.* Here, the TCPA creates a new and distinct cause of action; before the statute, "junk faxes" were a legitimate advertising strategy. Now, under the statute, a recipient of an unsolicited fax advertisement can sue the sender for $500 per violation.

■ Second, the statute must require no proof of actual damages as a condition precedent to recovery under the statute. *Id.* Based on the express language of the statute, it requires no proof of actual damages. *See* 47 U.S.C. § 227(b)(3)(B).

■ Third, the statute must impose a penalty in excess of actual damages. *See Carlson v. McCoy,* 193 Colo. 391, 566 P.2d 1073, 1074 (1977). The TCPA does that. Recipients of the unsolicited faxes may recover $500 for each fax that violates the statute. *See* 47 U.S.C. § 227(b)(3). This is much more than the fax-machine operation and paper cost of, as Defendant puts it, "a few pennies per alleged violation".

■ Finally, the statute must serve a public interest "through [a] deterrent effect" by the damages awarded. *McCoy* at 1075. Courts considering the TCPA have uniformly concluded it was enacted to address a public harm. *See, e.g., Texas v. American Blastfax, Inc.,* 121 F.Supp.2d 1085, 1090 (W.D.Tex.2000) ("[T]he TCPA damages provision was not designed solely to compensate each private injury caused by unsolicited fax advertisements, but also to address and deter the overall public harm caused by such conduct."). I conclude that the TCPA is penal in nature. This is a distinct reason why the TCPA claims cannot be assigned.

■ Courts are obliged to examine issues of standing *sua sponte* under the case-or-controversy requirement associated with Article III of the United States Constitution. *See Juidice v. Vail,* 430 U.S. 327, 331, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). Under *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), the plaintiff must have suffered an "injury in fact," an invasion of a legally protected interest. Plaintiff has not suffered an injury in fact because the personal claims of the "assignors" who received Defendant's faxes are not assignable to Plaintiff. Plaintiff has in fact suffered no injury at all. For the reasons stated above, I *sua sponte* conclude that Plaintiff does not have standing to bring its TCPA or its invasion-of-privacy claim against Defendants. Therefore, I dismiss both Plaintiff's TCPA claim and its common-law claim for invasion of privacy.

In light of this ruling, I need not consider whether a private right of action exists under the TCPA in Colorado prior to August 4, 2004.

ACCORDINGLY, IT IS ORDERED THAT:

1) PLAINTIFF U.S. FAX LAW CENTER's motion to certify questions to the Colorado Supreme Court is DENIED;

2) PLAINTIFF's TCPA claim is DISMISSED; and

3) PLAINTIFF's common-law claim for invasion of privacy is DISMISSED.