**US FAX LAW CENTER, INC.,**
a Colorado corporation,
Plaintiff,

v.

**IHIRE, INC., n/k/a Value Asset Leasing, Inc., a Maryland corporation, et al., Defendants.**

No. 04–CV–00344–LTB–CBS.

United States District Court,
D. Colorado.

June 13, 2005.

Frank J. Ball, Stephen Songer Allen, Frank J. Ball, Law Offices, Greenwood Village, CO, for Plaintiff.

Brandee L. Caswell, Kenneth Kent Skogg, Lowe, Fell & Skogg, LLC, Karen Lynn Brody, Faegre & Benson, LLP, Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, Chief Judge.

Plaintiff moves to "revise" or "withdraw" my Order of March 28, 2005, *US Fax Law Center, Inc. v. iHire, Inc.*, 362 F.Supp.2d 1248 (D.Colo.2005), in which I denied its motion to certify questions to the Colorado Supreme Court, dismissed its Telephone Consumer Protection Act (TCPA) claims, and dismissed its common-law claim for invasion of privacy. It now contends, variously, that there exist "blatant errors of law" either "substantially induced by Plaintiff and its counsel," Motion, 1, or rooted in legal premises "manufactured by Defendants," Reply, 5, who "materially misrepresent[ed] the authority for [sic] which they rely," *id.*, or created by my "compound[ing] Plaintiff's error by not thoroughly scrutinizing the authority cited by Defendants and the conclusions drawn by Defendants before entering [my] Order." *Id.*

Plaintiff cites no law to support a procedural basis for its motion to "revise" or "withdraw" the Order, other than a misplaced reference to Fed.R.Civ.P. 54 in the title of its motion. However, Federal R. Civ. P. 60(b) states:

... [T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

I construe Plaintiff's motion as a Rule 60(b) motion. Relief under Rule 60(b) "is

extraordinary and may only be granted in exceptional circumstances." *LaFleur v. Teen Help,* 342 F.3d 1145, 1153 (10th Cir. 2003) (quotations omitted). Thus, "[a] plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment." *Id.*

Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). The Tenth Circuit reviews a decision denying a Rule 60(b) motion for abuse of discretion, and it will reverse such a decision "only if [it finds] a complete absence of a reasonable basis and [is] certain ... that the decision is wrong." *Middle Rio Grande Conservancy Dist. v. Norton,* 294 F.3d 1220, 1225 (10th Cir.2002) (alteration and quotation omitted).

■ Plaintiff here has not overcome its high hurdle. As a general proposition, the "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order. *Cashner v. Freedom Stores,* 98 F.3d 572, 576 (10th Cir.1996).

■ Despite its considerable efforts, Plaintiff has not demonstrated that any excusable litigation mistake was made. Plaintiff had ample opportunities in its original motion and during the hearing on which I based my *iHire* decision to make all of the new, revised, complex, and often-conflicting arguments it makes in its 36–page motion to "revise" or "withdraw" and its 46–page reply associated with that mo-

tion. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991) ("[R]evisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original ... motion was briefed is likewise inappropriate" under Rule 60(b)) (internal quotations removed).

To the extent Plaintiff contends I have made substantive mistakes of law, Plaintiff has not demonstrated error, much less clear error. While this case has exposed some uncharted territory in both federal and state law open to interpretation, and Plaintiff attempts at great length to forward interpretations of law in contrast with mine, that is not enough under Rule 60.

For these reasons, I deny Plaintiff's motion.

■ I do, however, take this opportunity to elucidate a matter of law raised by Plaintiff. To the extent Plaintiff attempts to bring TCPA claims as an assignee might arguably be characterized as a real-party-in-interest question rather than a standing question, as Plaintiff suggests, the effect is the same.

As the underlying basis for either conferring standing to sue or status as a "real party in interest," Plaintiff has argued only that it is an assignee. I held in *iHire* that Plaintiff is a party attempting to bring suit as an assignee who has not obtained a legal or valid assignment, so lacked standing. *See also, Carter v. Romines,* 560 F.2d 395, 396 (8th Cir.1977). Federal R. Civ. P. 17 states that every action shall be prosecuted in the name of the "real party in interest." And a party has standing to prosecute a suit in federal court only if he *is* the "real party in interest." *United States v. 936.71 Acres of Land,* 418 F.2d 551, 556 (5th Cir.1969). A "real party in

interest" is a party that has a substantive right that is enforceable under applicable substantive law. *Scheufler v. General Host Corp.*, 895 F.Supp. 1416, 1418 (D.Kan.1995), *affirmed,* 126 F.3d 1261 (10th Cir.1997).

Whether a party is a real party in interest, however, depends upon its substantive rights, which, in diversity cases, are determined by state law. *American Fidelity & Casualty Co. v. All American Bus Lines, Inc.*, 179 F.2d 7 (10th Cir.1949). *See also, Hoeppner Constr. Co. v. United States,* 287 F.2d 108 (10th Cir.1960) (The question of whether an assignor or an assignee of an assigned claim or debt is a real party in interest so has sufficient right to maintain an action in its own name is referable to the substantive law of the state when the issue arises in a federal court proceeding.). Whether Plaintiff is a real party in interest *as an assignee* therefore, would be a question of Colorado law.

I have determined based on substantive Colorado law that Plaintiff is not a valid assignee because TCPA claims cannot be assigned. In *iHire,* I concluded under standing analysis that "Plaintiff has not suffered an injury in fact because the personal claims of the 'assignors' who received Defendant's faxes are not assignable to Plaintiff." *iHire,* 362 F.Supp.2d at 1253. Similarly, because I have concluded the claims are not assignable, Plaintiff is not a real party in interest. In the final analysis, what is at work here is an effort to utilize this Court to turn a sow's ear into a silk purse. *See id.* at 1251 (Plaintiff contacted various commercial entities, asked them to assign it their rights in any unsolicited fax advertisements they received, and promised them a nominal sum if Plaintiff won the lawsuit.).

ACCORDINGLY, IT IS ORDERED THAT:

1) PLAINTIFF U.S. FAX LAW CENTER's motion for "revision" or for "withdrawal" is DENIED.