Douglas M. McKENNA, Plaintiff–
Appellant and Cross–
Appellee,

v.

Stephen C. OLIVER;  Stephen C. Oliver Holdings, Inc., d/b/a Mile High Karate;  MHK South University, Inc.;  Mile High Karate, LLC;  Martial Arts Marketing, LLC, Defendants–Appellees and Cross–Appellants.

No. 05CA0298.

Colorado Court of Appeals,
Div. II.

Sept. 7, 2006.

Rehearing Denied Dec. 7, 2006.*

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2005.

* Roy, J., would GRANT.

Douglas M. McKenna, Pro Se.

Rubin & Zimmerman, P.C., Steven L. Zimmerman, Denver, Colorado, for Defendants–Appellees and Cross–Appellants Stephen C. Oliver, Stephen C. Oliver Holdings, Inc., d/b/a Mile High Karate, Mile High Karate, LLC, and Martial Arts Marketing, LLC.

Spies, Powers, & Robinson, P.C., Jack D. Robinson, Denver, Colorado, for Defendant–Appellee and Cross–Appellant MHK South University, Inc.

Opinion by Judge ROTHENBERG.

In this federal consumer protection act case, plaintiff, Douglas M. McKenna, appeals the trial court's judgment dismissing for lack of subject matter jurisdiction his claims against defendants, Stephen C. Oliver; Stephen C. Oliver Holdings, Inc. d/b/a Mile High Karate; MHK South University, Inc.; Mile High Karate, LLC; and Martial Arts Marketing, LLC. Defendants cross-appeal the trial court's denial of their motion to dismiss McKenna's federal claims on the ground that he lacked standing to bring the claims as an assignee. Because we agree with defendants that McKenna lacked standing to bring the claims as an assignee, we affirm the judgment dismissing McKenna's action, albeit on grounds different from those relied upon by the trial court.

Between February 2000 and April 2002, defendants sent unsolicited fax advertisements to several Colorado residents. McKenna did not personally receive an unsolicited fax advertisement from defendants. However, several of the fax recipients assigned McKenna their claims, and he filed a complaint in district court alleging that defendants violated provisions of the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b) (2005), and the Colorado Consumer Protection Act (CCPA), § 6–1–702, C.R.S.2005, by sending unsolicited fax advertisements to his assignors.

The TCPA prohibits, as relevant here, the use of any fax machine to send unsolicited advertisements to another fax machine and creates a private cause of action for the

recipients of unsolicited faxes to request injunctive or monetary relief. 47 U.S.C. § 227(b)(1)(C) (2005).

The 1997 version of the CCPA, applicable to McKenna's action, provided that it was a deceptive trade practice when, in the course of business, a person "[s]olicits a consumer residing in Colorado by a facsimile transmission without including in the facsimile message a toll-free telephone number which a recipient of the unsolicited transmission may use to notify the sender not to transmit to the recipient any further unsolicited transmissions." Colo. Sess. Laws 1997, ch. 133, § 6–1–105(1) (p. 5) (I) at 500.

In 2004, the General Assembly amended the provision, adding an explicit reference to the TCPA and permitting private lawsuits regardless of whether unsolicited faxes included a toll-free telephone number. Section 6–1–702(1)(c), C.R.S.2005.

Defendants filed a motion to dismiss McKenna's lawsuit, contending that violations of the TCPA and CCPA were not assignable, and that McKenna lacked standing to bring the action as an assignee. Defendants later filed a second motion to dismiss, contending the trial court lacked subject matter jurisdiction over private actions under the TCPA.

The trial court granted defendants' motion to dismiss McKenna's TCPA claims for lack of subject matter jurisdiction. The court concluded a narrower right of action for unsolicited faxes under the 1997 CCPA preempted the federal act and precluded McKenna's claims under the TCPA. The court reasoned that while "any unsolicited fax is actionable" under the TCPA, an unsolicited fax was actionable under the 1997 CCPA "only if the fax does not contain a toll-free number for the consumer to call to request no further faxes."

Because the trial court concluded it lacked jurisdiction over McKenna's TCPA claims, it did not address defendants' contention that the *TCPA claims* were not assignable. However, the court ruled that McKenna's *CCPA claims* were assignable and denied defendants' motion to dismiss McKenna's claims based on his alleged lack of standing. The

parties later settled the CCPA claims. Thus, only the TCPA claims are before us in this appeal.

## I.

Because it is dispositive, we first address defendants' contention—raised in their cross-appeal—that McKenna lacks standing to bring an action for the receipt of unsolicited faxes in violation of the TCPA because other persons suffered the alleged violations and such claims are not assignable. Defendants maintain that the trial court erred in not granting their motion to dismiss McKenna's TCPA claims on that basis. We agree.

We review a trial court's ruling on a motion to dismiss de novo. *Mapes v. City Council*, 151 P.3d 574 (Colo.App. 2006). We accept as true all averments of material fact contained in the complaint and view the allegations of the complaint in the light most favorable to the plaintiff. *Brossia v. Rick Constr., L.T.D. Liab. Co.*, 81 P.3d 1126, 1129 (Colo.App.2003).

C.R.C.P. 12(b)(5) motions to dismiss are looked upon with disfavor. Thus, a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Sweeney v. United Artists Theater Circuit, Inc.*, 119 P.3d 538 (Colo.App.2005). Nevertheless, if the plaintiff is not entitled to relief upon any theory of the law, the complaint should be dismissed for failure to state a claim. *Pub. Serv. Co. v. Van Wyk*, 27 P.3d 377, 385–86 (Colo.2001).

Generally, Colorado law favors the assignability of claims. *Roberts v. Holland & Hart*, 857 P.2d 492 (Colo.App.1993). But causes of action for invasion of privacy are an exception and are not assignable. *US Fax Law Ctr., Inc. v. iHire, Inc.*, 362 F.Supp.2d 1248 (D.Colo.2005)(*iHire I* ).

In *iHire I*, the plaintiff brought an action in a Colorado state court as an assignee of various commercial entities that had received unsolicited fax advertisements from iHire in violation of the TCPA and the CCPA. The action was removed to federal district court

based on diversity jurisdiction. The federal court, applying Colorado law, concluded, inter alia, that claims under the TCPA *cannot* be assigned because they are in the nature of privacy claims. The court reasoned:

> Under well-established law, a cause of action for invasion of privacy is not assignable and cannot be maintained by persons other than the individual whose privacy is invaded.
>
> The TCPA is designed to protect privacy interests.
>
> Indeed, eight federal district courts in nine decisions since August 2002 have found that the TCPA exists to protect privacy interests and thus, claims alleging violations of its provisions by transmission of unsolicited facsimiles trigger insurance coverage or other relief that is available for invasions of the right to privacy.
>
> ... And because the claims are privacy claims, the claims cannot be assigned.

*iHire I, supra,* 362 F.Supp.2d at 1252–53 (citations omitted).

Accordingly, the federal district court ruled that the plaintiff, as an assignee, lacked standing to bring an action for the receipt of unsolicited faxes in violation of the TCPA based on the other commercial entities' claims under the TCPA. *See also U.S. Fax Law Ctr., Inc. v. iHire, Inc.,* 374 F.Supp.2d 924 (D.Colo.2005)(holding that an action for violation of the *CCPA* provision prohibiting unsolicited faxes is also not assignable).

McKenna contends *iHire I* was wrongly decided and urges us to disregard it based on his statutory construction. He maintains that 47 U.S.C. § 227(b) was enacted to prevent economic harm to property, rather than to protect privacy rights, as the court in *iHire I* concluded. McKenna points out that the statute prohibits unsolicited faxes, but does not distinguish between residential and business subscribers, which do not have equivalent privacy rights.

However, here, we need not address whether the statute may have the dual purpose of preventing privacy rights *and* economic harm, because McKenna's complaint does not allege economic harm. He does not assert that the assignors were business entities, that the unsolicited faxes were sent to businesses, or that the recipient fax machines were owned or leased by businesses or used for business purposes.

We conclude the federal district court's reasoning in *iHire I, supra,* is persuasive as applied to the facts of this case. Accordingly, we hold that an action based upon the receipt of unsolicited faxes by individuals in violation of the TCPA is not assignable because such an action is in the nature of a violation of the right to privacy. Because McKenna is an assignee, he lacks standing to bring these federal claims, and the trial court erred in denying defendants' motion to dismiss based on that lack of standing.

Given our conclusion, we need not address whether such claims are also unassignable because they are penal in nature.

## II.

■ The trial court in this case also concluded it lacked subject matter jurisdiction over claims under the TCPA. The trial court relied on a decision by a judge of the Denver District Court, which was later reversed by a division of this court in *Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc.,* 121 P.3d 350 (Colo.App.2005)(concluding state courts have jurisdiction over private actions under the TCPA).

We agree with the division's holding in *Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc., supra,* and therefore conclude the trial court in this case erred in concluding it lacked subject matter jurisdiction over TCPA claims.

Nevertheless, because we have concluded this case should have been dismissed based on McKenna's lack of standing to bring the TCPA action, we further conclude the trial court reached the correct result in dismissing the TCPA claims. Accordingly, we affirm the trial court's judgment of dismissal on that basis. *See Steamboat Springs Rental & Leasing, Inc. v. City & County of Denver,* 15 P.3d 785 (Colo.App.2000) (an appellate court may affirm a correct judgment based on

reasoning different from that of the trial court).

The judgment of dismissal is affirmed.

Judge ROY and Judge HAWTHORNE concur.