46 F.3d 54
 23 Media L. Rep. 1446
 DESTINATION VENTURES, LTD., an Oregon corporation; Lutz
Paralegal Services, Inc., a New York corporation; Porter
Capital Corporation, a Delaware corporation; National
Faxlist, a New Jersey sole proprietorship; James R. Lock,
dba Lock Travel Service, Plaintiffs-Appellants,
v.
FEDERAL COMMUNICATIONS COMMISSION, a federal agency; James
H. Quello, in his capacity as Chairman of the FCC,
Defendants-Appellees.
 No. 94-35295.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 31, 1994.
Decided Feb. 1, 1995.
 
 Charles F. Hinkle, Stoel Rives Boley Jones & Grey, Portland, OR, for plaintiffs-appellants.
 Mark B. Stern, U.S. Dept. of Justice, Washington, DC, for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before: FLETCHER, D.W. NELSON, and RYMER, Circuit Judges.
 FLETCHER, Circuit Judge:
 
 
 1
 Destination Ventures, Inc., ("Destination") appeals the district court's dismissal of its action for failure to state a claim, 844 F.Supp. 632. It asserts a First Amendment challenge to a provision of the Telephone Consumer Protection Act of 1991 banning unsolicited faxes that contain advertisements. Destination contends that the district court erred in holding that it could not present facts to demonstrate that the ban was not a reasonable means of preventing the shifting of advertising costs to consumers. We affirm.
 
 
 2
 * The Telephone Consumer Protection Act of 1991, Pub.L. No. 102-243, 105 Stat. 2394-2402 (1991), codified at 47 U.S.C. Sec. 227, took effect on December 20, 1991. It states in part:
 
 
 3
 (b)(1) It shall be unlawful for any person within the United States--
 
 
 4
 ... (C) to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine....
 
 
 5
 The statute defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. Sec. 227(a)(4).
 
 
 6
 Destination conducts seminars for travel agents and advertised these seminars by fax prior to passage of the ban. It and several other business owners filed suit in district court against the FCC on August 23, 1993, claiming that the ban violated the First and Fifth Amendments, and seeking declaratory and injunctive relief. The FCC moved to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Destination then moved for summary judgment. The district court adopted the magistrate judge's recommendation to deny Destination's motion and grant the FCC's motion to dismiss.
 
 II
 
 7
 We review constitutional issues de novo. Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir.1994). Regulation of commercial speech must directly advance a substantial governmental interest in a manner that forms a "reasonable fit" with the interest. Central Hudson Gas and Electric Corp. v. Public Service Comm'n, 447 U.S. 557, 566, 100 S.Ct. 2343, 2351, 65 L.Ed.2d 341 (1980); Board of Trustees v. Fox, 492 U.S. 469, 480, 109 S.Ct. 3028, 3034, 106 L.Ed.2d 388 (1989). The burden is on the government to demonstrate the reasonable fit. Board of Trustees, 492 U.S. at 480, 109 S.Ct. at 3034. The government's burden "is not satisfied by mere speculation or conjecture; rather, a governmental body seeking to sustain a restriction on commercial speech must demonstrate that the harms it recites are real and that its restriction will in fact alleviate them to a material degree." Edenfield v. Fane, --- U.S. ----, ----, 113 S.Ct. 1792, 1800, 123 L.Ed.2d 543 (1993).
 
 
 8
 Destination does not contest the government's substantial interest in preventing the shifting of advertising costs to consumers. Instead, Destination argues that the FCC failed to sustain its burden of demonstrating a "reasonable fit" between this interest and the ban on fax advertisements. Specifically, it contends that the government has not shown that faxes containing advertising are any more costly to consumers than other unsolicited faxes such as those containing political or "prank" messages. According to Destination, Congress may not single out advertisements for regulation when other types of unsolicited faxes produce the same cost-shifting.
 
 
 9
 We disagree. Because Congress's goal was to prevent the shifting of advertising costs, limiting its regulation to faxes containing advertising was justified. The ban is even-handed, in that it applies to commercial solicitation by any organization, be it a multinational corporation or the Girl Scouts. Unlike City of Cincinnati v. Discovery Network, --- U.S. ----, 113 S.Ct. 1505, 123 L.Ed.2d 99 (1993), a case relied upon by Destination, where the Court found no reasonable fit between the ordinance and Cincinnati's goals of reducing blight and making sidewalks safer, because commercial newsracks constituted a small share of all newsracks, id. at ----, 113 S.Ct. at 1510 (finding "paltry" benefit from removal of 62 commercial newsracks), here there is a reasonable fit. The plaintiffs have not disputed that unsolicited commercial fax solicitations are responsible for the bulk of advertising cost shifting. Thus, banning them is a reasonable means to achieve Congress's goal of reducing cost shifting. The First Amendment does not require Congress to forgo addressing the problem at all unless it completely eliminates cost shifting. United States v. Edge Broadcasting Co., --- U.S. ----, ----, 113 S.Ct. 2696, 2707, 125 L.Ed.2d 345 (1993).
 
 
 10
 Destination also argues that further proceedings are necessary to examine whether the government's solution is excessive in light of what it asserts is minimal cost-shifting caused by unsolicited advertising faxes. It acknowledges that recipients of faxes incur at least some costs. However, it suggests that such costs may be de minimis, and that computer technology is rendering these costs, as well as the problem of tying up fax machines, obsolete.
 
 
 11
 In a declaration submitted in support of Destination's summary judgment motion, Don McGrath, owner of plaintiff National Faxlist, stated that "the cost of one page of paper used by the typical fax machine in use today is two and one-half cents," and "it takes between 30 and 45 seconds for a fax machine to print an 8-inch by 11-inch page of text." In its Response, the FCC agreed that transmission of a single page by fax takes 35 to 40 seconds, but submitted news articles estimating the cost of fax paper from 3 to 40 cents per sheet.
 
 
 12
 Both the Destination Declaration and FCC Response are outside of the scope of the pleadings. Because the district court considered such submissions, we are not barred from treating the district court's determination as a grant of summary judgment. Duggan v. International Association of Machinists, 510 F.2d 1086, 1087 (9th Cir.), cert. denied, 421 U.S. 1012, 95 S.Ct. 2417, 44 L.Ed.2d 680 (1975). "Sua sponte entry of summary judgment is proper 'if there is no genuine dispute respecting a material fact essential to the proof of the movant's case....' " Buckingham v. United States, 998 F.2d 735, 742 (9th Cir.1993) (citing Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir.1982)). "However, a litigant must be given reasonable notice that the sufficiency of his or her claim will be in issue...." Id. Destination had such notice by virtue of its own motion for summary judgment and its submission of factual evidence outside the pleadings. See Grove v. Mead Sch. Dist. No. 354, 753 F.2d 1528, 1533 (9th Cir.), cert. denied, 474 U.S. 826, 106 S.Ct. 85, 88 L.Ed.2d 70 (1985).
 
 
 13
 Viewing the facts in the light most favorable to Destination, we conclude that Destination's own figures do not rebut the admitted facts that unsolicited fax advertisements shift significant advertising costs to consumers. The possibility of future technological advances allowing simultaneous transmission and eliminating the need for paper does not alter this conclusion. We look at the problem as it existed when Congress enacted the statute, rather than speculate upon what solutions may turn up in the future. Therefore, we hold that the ban on unsolicited fax advertisements meets the Central Hudson and Fox test for restrictions on commercial speech.
 
 
 14
 Destination also argued to the district court that the ban violated the Fifth Amendment's Equal Protection Clause. However, Destination has waived that claim on appeal by failing to address it in its brief. See All Pacific Trading, Inc. v. Vessel M/V Hanjin Yosu, 7 F.3d 1427, 1434 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1301, 127 L.Ed.2d 653 (1994).
 
 
 15
 AFFIRMED.