131 P.3d 492

**Bert J. MARTINEZ, Plaintiff/Appellant,**

**v.**

**Mike and Linda GREEN, husband and wife, Defendants/Appellees.**

**No. 1 CA–CV 05–0079.**

Court of Appeals of Arizona, Division 1, Department C.

April 6, 2006.

Bert J. Martinez, Salt Lake City, Utah, Plaintiff/Appellant, In propria persona.

Osborn Maledon, P.A. By Thomas L. Hudson, Diane M. Meyers, Phoenix, Attorneys for Defendants/Appellees.

---

## OPINION

PORTLEY, Judge.

¶ 1 In this opinion, we address whether a claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (2001), can be assigned. Because we hold the claim cannot be assigned, we affirm the trial court's ruling dismissing the action.[1]

### Facts and Procedural History

¶ 2 Bert Martinez ("Martinez"), after securing an assignment from Liberty Property Damage ("Liberty"), filed a lawsuit against Mike and Linda Green ("the Greens") for allegedly sending unsolicited faxes to Liberty in violation of the TCPA. He sought $3.5 million in TCPA statutory damages.

¶ 3 The Greens filed a motion to dismiss contending that the court lacked subject matter jurisdiction and the complaint failed to state a claim upon which relief could be granted. The trial court granted the motion after finding that "the TCPA was intended to afford persons relief from the invasion of privacy and nuisance caused by the receipt of unsolicited commercial fax advertising. Under Arizona law, invasion of privacy and nuisance claims are tort claims, and such claims are not assignable."

### Discussion

¶ 4 On appeal, Martinez argues that the trial court erred when it determined as a matter of law that the TCPA claim could not be assigned. We review the court's ruling de novo because it involved the interpretation of the statute. *Douglas v. Governing Bd. of Window Rock Consol. Sch. Dist. No. 8*, 206 Ariz. 344, 346, ¶ 4, 78 P.3d 1065, 1067 (App. 2003).

¶ 5 "The primary rule of statutory construction is to find and give effect to legislative intent." *Mail Boxes, etc., U.S.A. v. Indus. Comm'n of Ariz.*, 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995). To determine the intent, we first look to the language of the statute. *Kriz v. Buckeye Petroleum Co., Inc.*, 145 Ariz. 374, 377, 701 P.2d 1182, 1185

(1985). If the intent is unclear from the language itself, we may consider "the context of the statute, ... the subject matter, its historical background, its effects and consequences, and its spirit and purpose." *Wyatt v. Wehmueller*, 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991).

¶ 6 The TCPA's legislative intent is found in the language of the statute. The TCPA, in pertinent part, states that "[i]t shall be unlawful for any person ... to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). Clearly, the plain statutory language provides that unsolicited fax advertisements are prohibited.

¶ 7 The TCPA was a 1991 amendment to the Communications Act of 1934. S.Rep. No. 102–178, at 1 (1991), *reprinted in* 1991 U.S.C.C.A.N.1968. Congress enacted the amendment to respond, in large part, to the numerous complaints received by the Federal Communications Commission regarding telemarketing calls. *Id.; see Joffe v. Acacia Mortgage Corp.*, 211 Ariz. 325, 328, ¶ 10, 121 P.3d 831, 834 (App.2005) ("[T]he TCPA was designed to deal with various telemarketing practices arising out of the telemarketing industry's use of sophisticated equipment ... to generate millions of automated telephone calls...."). The Senate Report states that "[t]he purposes of the bill are to protect the privacy interests of residential telephone subscribers ... and to facilitate interstate commerce by restricting certain uses of facsimile ... machines and automatic dialers." S.Rep. No. 102–178, at 1. In fact, Senator Fritz Hollings, the bill's sponsor, noted that the amendment "addresses an enormous public nuisance." 137 Cong. Rec. S16204–01, S16205 (daily ed. Nov. 7, 1991) (statement of Sen. Hollings). Consequently, the congressional purpose is clear—to prohibit automated and prerecorded telemarketing calls and unsolicited commercial faxes because those calls and faxes are a nuisance that invade one's privacy. S.Rep. No. 102–178, at 1, 4;

---

1. We filed a separate Memorandum Decision affirming the dismissal of the Arizona Consumer Fraud Act claim. *See* ARCAP 28(g).

*see MO. ex rel. Nixon v. Am. Blast Fax, Inc.,* 323 F.3d 649, 657 n. 5 (8th Cir.2003) ("Artificial or prerecorded messages, like a faxed advertisement, were believed to have heightened intrusiveness because they are unable to 'interact with the customer except in pre-programmed ways.'" (quoting S.Rep. No. 102–178, at 4–5)).[2]

¶ 8 We turn next to the issue of whether TCPA claims can be assigned. The federal statute does not discuss whether such claims can be assigned. Consequently, we look to state law and federal common law because the federal statute is silent on this issue. *See U.S. Fax Law Ctr., Inc. v. iHire, Inc.,* 362 F.Supp.2d 1248, 1251 (D.Colo.2005); *see also MacInnes v. MacInnes,* 260 Mich.App. 280, 677 N.W.2d 889, 893 (2004) (holding that federal common law and state law apply where ERISA is silent).

¶ 9 In Arizona, the nature of the claim determines whether it can be assigned. *See Harleysville Mut. Ins. Co. v. Lea,* 2 Ariz. App. 538, 541, 410 P.2d 495, 498 (1966); *see also Lingel v. Olbin,* 198 Ariz. 249, 253, ¶ 10, 8 P.3d 1163, 1167 (App.2000). For example, in *Harleysville,* we stated that a personal injury claim cannot be assigned before judgment. 2 Ariz.App. at 540, 410 P.2d at 497.

¶ 10 Although Martinez argues that a TCPA violation is an economic tort,[3] which can be assigned, *see Standard Chartered PLC v. Price Waterhouse,* 190 Ariz. 6, 16, 945 P.2d 317, 327 (App.1996), he ignores the clear pronouncement of Congress that TCPA claims are invasion of privacy tort claims.

¶ 11 In *Accounting Outsourcing, LLC v. Verizon Wireless Personal Communications, L.P.,* the district court found that TCPA claims are privacy claims. 329 F.Supp.2d 789, 809 (D.La.2004). As part of its analysis, the court compared Louisiana's Unsolicited Telefacsimile Messages Act ("UTMA"), Louisiana Revised Statutes section 51:1746 (2003), with the TCPA. *Id.* at 808–09. It found that the UTMA is designed to prevent "the invasion of privacy caused by unsolicited facsimiles," and the UTMA and the TCPA "regulate[ ] the same conduct," and "redress[ ] the same public harms." *Id.* at 809.

¶ 12 In *US Fax,* the district court addressed whether TCPA claims are assignable. 362 F.Supp.2d at 1251. After examining the Restatement (Second) of Torts § 652(I) (1977)[4] and the Colorado survival statute,[5] and noting that the TCPA's intended purpose was to protect privacy interests, and that TCPA claims are "essentially invasion-of-privacy tort claims," the court held

---

2. The purpose of the TCPA has been used to support subsequent legislation. For example, during a hearing for House Bill 3113, the Unsolicited Commercial Electronic Mail Act of 2000, Congress compared unsolicited commercial faxes with unsolicited commercial e-mail. 146 Cong. Rec. H6369–04, H6374 (daily ed. July 18, 2000) (statement of Rep. Eshoo). Because Congress restricted unsolicited commercial faxes on the grounds that they are a nuisance and an invasion of privacy, Rep. Eshoo contended that Congress should provide the same protection against unsolicited commercial e-mails, which are also an invasion of privacy. *Id.*

3. An economic tort involves pecuniary loss, not injury to person or property. *See Nelson v. Progressive Corp.,* 976 P.2d 859, 867 (Alaska 1999) ("Fraud, deceit, and negligent misrepresentation are economic torts."); *see also* Alan Reed, *The Anglo–American Revolution in Tort Choice of Law Principles: Paradigm Shift or Pandora's Box?,* 18 Ariz. J. Int'l & Comp. L. 867, 873 (2001) ("negligent misrepresentation, inducement of breach of contract, intellectual property infringement, [and] international torts involving the Internet" are examples of economic torts).

4. "Except for the appropriation of one's name or likeness, an action for invasion of privacy can be maintained only by a living individual whose privacy is invaded." Restatement (Second) of Torts § 652(I).

5. "All causes of action, except actions for slander or libel, shall survive and may be brought or continued notwithstanding the death of the person in favor of or against whom such action has accrued, but punitive damages shall not be awarded nor penalties adjudged after the death of the person against whom such punitive damages or penalties are claimed; and, in tort actions based upon personal injury, the damages recoverable after the death of the person in whose favor such action has accrued shall be limited to loss of earnings and expenses sustained or incurred prior to death and shall not include damages for pain, suffering, or disfigurement, nor prospective profits or earnings after date of death. An action under this section shall not preclude an action for wrongful death under part [two] of article [twenty-one] of this title." Colo.Rev.Stat. § 13–20–101(1) (2005).

that invasion of privacy claims cannot be assigned. *Id.* at 1251–52. Consequently, because TCPA violations are privacy torts, TCPA claims cannot be assigned. *Id.* at 1252–53.

¶ 13 Arizona, like Colorado, relies on survivability of a claim to determine whether it can be assigned.[6] *See Harleysville*, 2 Ariz. App. at 541, 410 P.2d at 498. If a cause of action does not survive death, it cannot be assigned. *See Lingel*, 198 Ariz. at 252, ¶ 7, 8 P.3d at 1166. Because Arizona's survival statute specifically precludes the survivability of invasion of privacy claims, A.R.S. § 14–3110, TCPA violations, which are invasion of privacy torts, cannot be assigned.[7] Consequently, the trial court correctly ruled that, under the current statute, TCPA claims cannot be assigned.

### Conclusion

¶ 14 Based on the foregoing, we affirm the trial court's ruling.

CONCURRING: PATRICK IRVINE, Presiding Judge, and JOHN C. GEMMILL, Judge.

---

6. "Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person, provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed." A.R.S. § 14–3110 (2005).

7. Moreover, statutory penalties likewise authorized by the TCPA, 47 U.S.C. § 227(b)(3)(B), are generally not assignable. *See* 36 Am.Jur.2d *Forfeitures and Penalties* § 56 (2001).