**U.S. FAX LAW CENTER, INC.,**
Plaintiff–Appellant,

v.

**MYRON CORPORATION,**
Defendant–Appellee.

No. 05CA1426.

Colorado Court of Appeals,
Div. II.

Nov. 2, 2006.

The Law Offices of Andrew L. Quiat, P.C., Andrew L. Quiat, Centennial, Colorado; The Demirali Law Firm, P.C., A.M. Demirali, Denver, Colorado; Law Offices of Frank J.

Ball, Frank J. Ball, Stephen S. Allen, Greenwood Village, Colorado, for Plaintiff–Appellant.

Dickinson, Prud'Homme, Adams & Ingram, LLP, Michelle R. Prud'Homme, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge TAUBMAN.

In this case concerning facsimile transmissions of unsolicited advertisements, plaintiff, U.S. Fax Law Center (the Center), appeals the trial court's judgment dismissing its claims in favor of defendant, Myron Corporation (Myron). We affirm, albeit on grounds different from those relied upon by the trial court.

Between September and March 2004, Myron sent fifteen unsolicited facsimile transmissions to four different organizations. Shortly thereafter, the Center filed suit under the federal Telephone Consumer Protection Act (TCPA) and the Colorado Consumer Protection Act (CCPA) as the assignee of the recipient organizations.

Myron filed a motion to dismiss the TCPA claims on the basis that Colorado did not permit a private right of action for violation of the TCPA at the time the claims arose. It also sought judgment on the pleadings as to the remaining claims under the CCPA, arguing that the facsimiles in question complied with the CCPA.

The trial court dismissed the Center's TCPA claims, stating that it did not have subject matter jurisdiction to hear private actions under the TCPA for facsimiles sent prior to August 4, 2004, and declined to rule on the CCPA claims, finding that it also lacked jurisdiction. The Center then requested clarification from the trial court concerning the status of its CCPA claims, and the trial court issued an order stating that it was dismissing both the TCPA and CCPA claims for lack of "supplemental jurisdiction." This appeal followed.

Because the parties did not address whether the Center has standing to pursue its claims under the TCPA or CCPA as an assignee, we requested they address this issue at oral argument and in supplemental briefs.

## I. Standing for TCPA Claims

The trial court in this case concluded that it lacked subject matter jurisdiction over claims under the TCPA. Subsequently, a division of this court held in *Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc.*, 121 P.3d 350 (Colo.App.2005), that the trial court in that case had subject matter jurisdiction over TCPA claims.

We need not address the applicability of *Consumer Crusade* here, however, because we conclude that the Center lacked standing to bring claims under the TCPA as an assignee.

An appellate court may affirm on grounds different from those cited by the trial court. *W. Colo. Cong. v. UMETCO Minerals Corp.*, 919 P.2d 887 (Colo.App.1996). Thus, for the reasons set forth in *McKenna v. Oliver*, 159 P.3d 697, 2006 WL 2564636 (Colo.App. No. 05CA0298, Sept. 7, 2006), we conclude that the trial court reached the correct result in dismissing the TCPA claims because the Center did not have standing to bring those claims as an assignee.

## II. Standing for CCPA Claims

The Center contends that the trial court erred in dismissing its CCPA claims for lack of jurisdiction. We conclude the dismissal was proper because the Center lacks standing as an assignee.

Section 6–1–702(1)(a), C.R.S.2006, of the CCPA states that a person engages in a deceptive trade practice when, in the course of that person's business, vocation, or occupation, such person "[u]ses a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

Section 6–1–113(1), C.R.S.2006, establishes that actions under the CCPA are available to any person who:

(a) Is an actual or potential consumer of the defendant's goods, services, or property and is injured as a result of such deceptive trade practice, or is a residential subscriber, as defined in section 6–1–903(9),

who receives unlawful telephone solicitation, as defined in section 6–1–903(10); or

(b) Is any successor in interest *to an actual consumer who purchased the defendant's goods, services, or property;* or

(c) In the course of the person's business or occupation, is injured as a result of such deceptive trade practice.

(Emphasis added.)

When interpreting a statute, we are required to give effect to the General Assembly's intent and adopt the statutory construction that best effectuates the purposes of the legislative scheme, looking first to the plain language of the statute. *Denver jetCenter, Inc. v. Arapahoe County Bd. of Equalization,* 148 P.3d 228 (Colo.App. 2006).

Under the plain language of § 6–1–113(1)(b), C.R.S.2006, the only assignees authorized to bring an action are those whose assignors were actual consumers who purchased the defendant's goods, services, or property. *U.S. Fax Law Center, Inc. v. iHire, Inc.,* 374 F.Supp.2d 924, 930 (D.Colo. 2005).

We agree with the *iHire* court that the Colorado legislature's 1999 amendment to the CCPA narrowly limited the class of persons entitled to sue under its provisions and that this amendment was significant. As the *iHire* court noted, "It demonstrates that the General Assembly considered whether anyone other than an actual consumer should be able to bring a CCPA claim and decided that only a successor (or an assignee) to an actual *consumer* who *purchased* defendant's goods, services, or property is authorized to bring a claim." *U.S. Fax Law Ctr., Inc. v. iHire, Inc., supra,* 374 F.Supp.2d at 930.

Nevertheless, the Center contends that we should construe § 6–1–113(1) liberally to effectuate the CCPA's intent, especially because that statute does not expressly prohibit the assignment for collection of claims involving facsimile transmission of unsolicited advertisements. We disagree.

The Center's argument is contrary to the canon of construction *expressio unius est exclusio alterius*—the inclusion of one thing implies the exclusion of another. *See Applehans v. Farmers Ins. Exch.,* 68 P.3d 594

(Colo.App.2003). By specifying in § 6–1–113(1)(b) the circumstances under which a successor in interest may bring a CCPA claim, the General Assembly necessarily excluded successors in interest from bringing claims under other circumstances.

Additionally, the Center contends that it has standing here because under Colorado's survival statute, § 13–20–101, C.R.S.2006, all causes of action except slander and libel survive and may be brought or continued notwithstanding the death of the person in favor of or against whom such action has accrued. However, that statute is inapplicable here, because it concerns what actions may be brought or continued after a person has died, not who may be an assignee of a particular claim.

Here, the Center does not contend that its assignors were consumers who actually purchased goods, services, or property from Myron. Accordingly, the Center does not have standing under § 6–1–113(1)(b).

We also conclude the Center does not have standing under § 6–1–113(1)(a) or (c), C.R.S. 2006. The Center does not allege that it is an actual or potential consumer of Myron's goods, services, or property and was injured as a result of the facsimile transmissions, or that it was injured by the facsimile transmissions in the course of its business or occupation. Accordingly, the Center does not have standing under § 6–1–113(1)(a) or (c) to pursue its claims under the CCPA. As a result, the Center lacks standing to bring the CCPA claims alleged here. *See U.S. Fax Law Ctr., Inc. v. iHire, Inc., supra* (assignee plaintiff lacked standing to pursue claims under CCPA because it did not satisfy the requirements of § 6–1–113(1) ).

### III. Attorney Fees

Myron requests an award of attorney fees under § 6–1–113(3), C.R.S.2006, which authorizes such an award when a court finds that an action was groundless and brought in bad faith or for purposes of harassment. Because we conclude that the statutory crite-

ria were not satisfied here, we deny the request.

The judgment is affirmed.

Judge VOGT and Judge TERRY concur.