**U.S. FAX LAW CENTER, INC.,
Plaintiff–Appellant and
Cross–Appellee,**

v.

**T2 TECHNOLOGIES, INC.; David Baker, individually; and Kristin McDonald, individually, Defendants–Appellees and Cross–Appellants.**

No. 06CA0432.

Colorado Court of Appeals,
Div. IV.

Dec. 13, 2007.

Certiorari Dismissed March 7, 2008.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

The Law Offices of Andrew L. Quiat, P.C., Andrew L. Quiat, Centennial, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Burg Simpson Eldredge Hersh & Jardine, P.C., Stephen M. Johnson, Diane Vaksdal Smith, Englewood, Colorado, for Defendants–Appellees and Cross–Appellants.

Opinion by Judge VOGT.

Plaintiff, U.S. Fax Law Center, Inc., appeals the trial court judgment dismissing its claims against defendants, T2 Technologies, Inc., David Baker, and Kristin McDonald, for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and the Colorado Consumer Protection Act (CCPA), §§ 6–1–101 to –1120, C.R.S.2007. Defendants cross-appeal the trial court's order denying their motion for attorney fees. We affirm.

Plaintiff brought this action as the assignee of businesses that had received unsolicited facsimile advertisements from these defendants and other individuals and entities who are not parties to this appeal. Plaintiff alleged that defendant T2 Technologies, Inc., and its owners, defendants Baker and McDonald, had violated the TCPA by sending plaintiff's assignor a facsimile advertisement that was both unsolicited—and thus prohibited under 47 U.S.C. § 227(b)(1)(C)—and lacking the additional information required under 47 U.S.C. § 227(d)(1)(B). The fax was also alleged to have violated section 6–1–702(1)(b), C.R.S.2007, of the CCPA because it "failed to include ... a proper telephone number for removal."

In addition to asserting violations of the TCPA and the CCPA, the complaint included a claim for injunctive relief and a claim for damages on a theory of negligence per se and negligence.

Defendants moved to dismiss the TCPA and CCPA claims for lack of subject matter jurisdiction, asserting that plaintiff lacked standing to bring them as an assignee because such claims are not assignable. The trial court agreed, dismissed the TCPA and CCPA claims, and certified its dismissal orders as final pursuant to C.R.C.P. 54(b). It denied defendants' motion for attorney fees under section 13–17–201, C.R.S.2007.

## APPEAL

Plaintiff contends on appeal that the trial court erred in dismissing its TCPA and CCPA claims. We disagree.

In moving for dismissal of plaintiff's TCPA claims, defendants relied primarily on *U.S. Fax Law Center, Inc. v. iHire, Inc.*, 362 F.Supp.2d 1248 (D.Colo.2005) *(iHire I), aff'd,* 476 F.3d 1112 (10th Cir.2007) *(iHire IV),* in which the federal district court held that TCPA claims based on the sending of unsolicited facsimile advertisements were not assignable under Colorado law because (1) such claims are in the nature of claims for invasion of privacy and, as such, cannot be assigned; (2) as personal injury claims, TCPA claims would not survive the death of the plaintiff under Colorado's survival statute, section 13–20–101(1), C.R.S.2007; and (3) the TCPA claims were penal in nature, and the right to recover a penalty is not assignable in the absence of express statutory language to the contrary.

The trial court disagreed with the first two reasons for nonassignability relied on by the *iHire I* court, but agreed with that court's third reason. Because the TCPA claims in this case, which sought only statutory damages, were penal in nature, the court concluded that the claims were not assignable.

In a separate order, the court ruled that the CCPA claims were also penal and, thus, not assignable. In so concluding, the trial court relied on another decision by the *iHire I* court, *U.S. Fax Law Center, Inc. v. iHire, I* court, *U.S. Fax Law Center, Inc. v. iHire,* *Inc.,* 374 F.Supp.2d 924, 929–30 (D.Colo.2005) *(iHire III), aff'd, iHire IV,* in which that court had held that CCPA claims were not assignable.

## I.

As an initial matter, we disagree with plaintiff's contention that the trial court erred in analyzing the assignability issues before it as matters of "standing" instead of considering the issues under the concept of "real party in interest." *See* C.R.C.P. 17(a) (requiring that every action be prosecuted in the name of the real party in interest).

In order for a court to have jurisdiction over a dispute, the plaintiff must have standing to bring the case. To have standing, the plaintiff must have suffered an injury in fact to a legally protected interest. *Ainscough v. Owens,* 90 P.3d 851, 855 (Colo.2004).

A plaintiff who has not itself sustained an injury in fact may nevertheless have standing to sue if it has a valid assignment of a claim from one who has sustained such injury. *See iHire IV,* 476 F.3d at 1120; *Espinosa v. Perez,* 165 P.3d 770, 773 (Colo. App.2006). Conversely, if the purported assignment on which the plaintiff relies is invalid, the plaintiff lacks standing unless it has itself suffered injury. *iHire IV,* 476 F.3d at 1120.

Courts considering whether assignments of TCPA claims are valid have concluded that the lack of assignability deprives the purported assignee of standing. *See id.* (plaintiffs who had themselves received no unsolicited faxes and held no valid assignment of TCPA claims lacked standing to assert such claims); *Eclipse Manufacturing Co. v. M & M Rental Center, Inc.,* 496 F.Supp.2d 937, 941 (N.D.Ill.2007) (if TCPA claims are not assignable, plaintiff suing as assignee would lack standing to assert them); *McKenna v. Oliver,* 159 P.3d 697, 700 (Colo.App.2006) (because TCPA claims could not be assigned, plaintiff lacked standing to sue as assignee for violation of TCPA).

Parties asserting claims under the CCPA who lack a valid assignment are likewise deemed to lack standing. *See U.S. Fax Law*

*Center, Inc. v. Myron Corp.,* 159 P.3d 745, 746–47 (Colo.App.2006).

Thus, regardless of whether the issue could also be characterized as one of "real party in interest," *see U.S. Fax Law Center, Inc. v. iHire, Inc.,* 373 F.Supp.2d 1208, 1210 (D.Colo.2005) *(iHire II)* (recognizing that plaintiff's attempt to bring TCPA claims as assignee "might arguably be characterized as a real-party-in-interest question rather than a standing question," but concluding that result would be the same because a party has standing to prosecute suit in federal court only if it is the real party in interest), we conclude the trial court did not err in analyzing the assignability issue as a question of standing.

## II.

▓ Plaintiff also contends that federal law, not Colorado law, controls the assignability of TCPA claims; that such claims are assignable under federal law; and that the trial court erred in relying on state law to reach a contrary conclusion. We disagree.

The TCPA itself directs that state law is to govern the issue of whether a plaintiff may bring a TCPA claim as the assignee of a recipient of an unsolicited facsimile. The TCPA section providing for a private right of action states: "A person or entity may, *if otherwise permitted by the laws or rules of court of a State,* bring [a TCPA action]." 47 U.S.C. § 227(b)(3) (emphasis added). We agree with the conclusion of the Tenth Circuit in *iHire IV* that the emphasized statutory language encompasses the matter of assignability and directs that state law should determine the issue. *iHire IV,* 476 F.3d at 1118; *see also Eclipse Manufacturing Co. v. M & M Rental Center, Inc.,* 521 F.Supp.2d 739, 744 (N.D. Ill.2007) (applying Illinois law to determine whether TCPA claim was assignable); *Martinez v. Green,* 212 Ariz. 320, 131 P.3d 492, 494 (Ct.App.2006) (applying Arizona law to decide issue of assignability of TCPA claim).

Although plaintiff argues that federal law should govern this issue because a "uniform national rule" is necessary to further the interests of the federal government, we agree

with the *iHire IV* court that no such necessity is apparent here. As that court observed:

> In TCPA cases, the United States is not a party, and we are unaware of any federal program that could be frustrated. . . .
>
> No . . . national policy is apparent. . . . The TCPA never mentions the assignability of claims, let alone suggests that the free assignability of claims is an important component of the TCPA. Consequently, allowing state law to govern the assignability of TCPA claims does not conflict with any federal policy.

*iHire IV,* 476 F.3d at 1118–19. Thus, we look to Colorado law to determine whether plaintiff's TCPA claims are assignable.

## III.

We conclude that, under Colorado law, the TCPA claims plaintiff asserted against these defendants are not assignable.

## A.

We note at the outset that courts in Colorado have relied on various rationales in concluding that TCPA claims are not assignable. *See iHire IV,* 476 F.3d at 1120 (TCPA claims cannot be assigned because they are in the nature of personal injury, privacy claims); *iHire I,* 362 F.Supp.2d at 1252–53 (TCPA claims are not assignable because they (1) do not survive the life of the individual claiming injury under Colorado's survival statute, (2) are invasion-of-privacy tort claims, and (3) are penal in nature); *McKenna,* 159 P.3d at 700 (TCPA action based on receipt of unsolicited faxes by individuals is not assignable because it is in the nature of an action for violation of the right to privacy).

Plaintiff challenges the holdings in these cases on various grounds. It contends, for example, that TCPA claims do in fact survive under section 13–20–101, and that, when such claims are asserted by business organizations that have no cause of action for invasion of privacy, the "invasion of privacy" rationale of *McKenna* and the *iHire* cases does not apply.

However, the trial court here did not rely on the "survival" or "invasion of privacy" rationales of these cases. Rather, it conclud-

ed that the TCPA claims in this case were penal in nature under Colorado law and therefore not assignable for that reason. Because we agree with that conclusion, we need not address the parties' arguments concerning other potential bases for deeming such claims nonassignable.

### B.

The TCPA provides that a plaintiff entitled to bring a private right of action may, in addition to seeking injunctive relief, bring "an action to recover for actual monetary loss from [a TCPA] violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). Additionally, the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph" if it finds a willful or knowing violation. 47 U.S.C. § 227(b)(3).

Here, plaintiff requested the following monetary relief on its TCPA claims:

Judgment for $500 for each [TCPA] violation ... that was not knowing and willful, coupled with a finding of negligence;

Judgment for $1,500 for each [TCPA] violation ... that was knowing and willful.

In concluding that the TCPA claims in this case were not assignable because they were "penal in nature," the trial court relied on the analysis of the issue in *iHire I*, in which the court reasoned as follows:

Generally, the right to recover a penalty is not assignable in the absence of express statutory language to the contrary because the assignability of such claims encourages litigation.... This has been acknowledged by the Colorado Supreme Court. *See Credit Men's Adjustment Co. v. Vickery*, 62 Colo. 214, 218, 161 P. 297 (Colo.1916). The TCPA does not contain express language to the contrary.

The Colorado Supreme Court provides a test for whether a statute is penal. *See Palmer v. A.H. Robins Co.*, 684 P.2d 187, 214 (Colo.1984). First, to be penal, a statute must create a new and distinct statutory cause of action. *Id.* Here the TCPA creates a new and distinct cause of action;

before the statute, "junk faxes" were a legitimate advertising strategy. Now, under the statute, a recipient of an unsolicited fax advertisement can sue the sender for $500 per violation.

Second, the statute must require no proof of actual damages as a condition precedent to recovery under the statute. *Id.* Based on the express language of the statute, it requires no proof of actual damages. *See* 47 U.S.C. § 227(b)(3)(B).

Third, the statute must impose a penalty in excess of actual damages. *See Carlson v. McCoy*, 193 Colo. 391, 566 P.2d 1073, 1074 (1977). The TCPA does that. Recipients of the unsolicited faxes may recover $500 for each fax that violates the statute. *See* 47 U.S.C. § 227(b)(3). This is much more than the fax-machine operation and paper cost of, as Defendant puts it, "a few pennies per alleged violation."

Finally, the statute must serve a public interest "through [a] deterrent effect" by the damages awarded. *McCoy* at 1075. Courts considering the TCPA have uniformly concluded it was enacted to address a public harm.... I conclude that the TCPA is penal in nature. This is a distinct reason why the TCPA claims cannot be assigned.

362 F.Supp.2d at 1253.

Plaintiff contends that the trial court and the *iHire I* court erred in concluding that TCPA claims are penal and thus not assignable. It argues that the TCPA has remedial as well as penal components, and that Colorado law would permit assignment of the right to pursue remedial remedies under the TCPA. We acknowledge that courts in other jurisdictions have held that the TCPA is not a penal statute. *See Melrose Hotel Co. v. St. Paul Fire & Marine Ins. Co.*, 432 F.Supp.2d 488, 509 n. 10 (E.D.Pa.2006) (collecting cases), *aff'd sub nom. Subclass II v. Melrose Hotel Co.*, 503 F.3d 339 (3d Cir.2007). However, we need not decide that broader issue here because, regardless of whether the TCPA has some remedial purposes and affords remedial remedies that might be assignable in other circumstances, we agree with the trial court that the sums sought by plaintiff in this

action were penalties and, as such, were not assignable.

As the *iHire I* court recognized, the general rule is that claims to recover statutory penalties are not assignable unless the statute explicitly makes them assignable—which the TCPA does not do. *See Nat'l Surety Corp. v. State,* 189 Miss. 540, 198 So. 299, 301 (1940); *Triffin v. TD Banknorth,* 190 N.J. 326, 920 A.2d 649, 651 (2007); *Nordling v. Johnston,* 205 Or. 315, 283 P.2d 994, 999 (1955); *Mayer v. Rankin,* 91 Utah 193, 63 P.2d 611, 616 (1936); *Demopolis v. Galvin,* 57 Wash.App. 47, 786 P.2d 804, 808 (1990); *Snodgrass v. Sisson's Mobile Home Sales, Inc.,* 161 W.Va. 588, 244 S.E.2d 321, 323 (1978).

The Colorado Supreme Court recognized this principle in *Credit Men's Adjustment Co. v. Vickery,* 62 Colo. at 218, 161 P. at 298, but found it inapplicable in the case before it. More recently, a division of this court applied the same principle in concluding that a wrongful death claim was not assignable where the statute was silent concerning assignability. *Espinosa,* 165 P.3d at 773.

The monetary recovery sought here on the TCPA claims is a penalty. It requires no proof of actual damages, and it would constitute a recovery far in excess of any actual damages that plaintiff's assignor may have sustained. *See Palmer v. A.H. Robins Co.,* 684 P.2d at 214 (claim for punitive damages, being ancillary to an independent civil claim for actual damages does not constitute an action for recovery of a "penalty ... of [a] penal statute" within meaning of statute of limitations; in contrast to punitive damages statute, a penal statute "requires no proof of actual damages as a condition precedent to recovery"); *Carlson v. McCoy,* 193 Colo. at 393, 566 P.2d at 1075 ("[S]tatutes which impose penalties in excess of actual damage are penal for purposes of the statute of limitations."); *Denver & Rio Grande R.R. v. Frederic,* 57 Colo. 90, 96, 140 P. 463, 466 (1914) ("[T]he fact that recovery may be had under [the statute authorizing recovery for death caused by negligence of railroad employees] without any proof whatever of damages conclusively establishes that it is penal."); *see also Destination Ventures, Ltd. v. Federal Communications Commission,* 46 F.3d 54, 56 (9th Cir.1995) (cost of one page of fax paper estimated to range from two and one-half cents to forty cents); *iHire I,* 362 F.Supp.2d at 1253 (fax machine operation and paper costs of unsolicited faxes are "a few pennies per alleged violation"); *Kaufman v. ACS Systems, Inc.,* 110 Cal.App.4th 886, 2 Cal.Rptr.3d 296, 318 (2003) (cost of fax ranges from less than two cents a page for new machines to around fifteen cents per page for older machines, plus recipient's costs for printing and business disruptions).

Our reasons for concluding that plaintiff's complaint seeks recovery of a penalty apply also to its claim for treble damages, which plaintiff contends should be deemed remedial and not penal. The "treble damages" prayer for relief seeks recovery of three times the amount of the statutory penalty, not three times the amount of any actual damages that plaintiff's assignor might have sustained, for knowing and willful TCPA violations. There is accordingly no basis for treating this requested relief differently from the $500 statutory recovery plaintiff sought for violations that were not knowing and willful. *See Palmer,* 684 P.2d at 214 (contrasting claim for recovery of a penalty under a penal statute with claim for punitive damages ancillary to independent claim for actual damages); *see also Farmers Group, Inc. v. Williams,* 805 P.2d 419, 427 (Colo. 1991) (noting distinction between statutory civil penalty and exemplary damages, and concluding that provision of No–Fault Act that made treble damages award automatic once willful and wanton conduct was proved was simply a statutory civil penalty that could be established by preponderance of evidence).

Thus, regardless of whether the TCPA includes remedial as well as penal elements, the trial court did not err in focusing on what plaintiff was seeking in this action to decide the assignability issue. *See Moeller v. Colo. Real Estate Commission,* 759 P.2d 697, 701 (Colo.1988) ("When a statute is both remedial and penal in nature, the remedial and penal elements are separated and the appropriate standard is applied to each."); *see also Smith v. Dep't of Human Services,* 876 F.2d 832,

837 (10th Cir.1989) ("[T]his action is essentially for liquidated damages, penal in nature, and to focus instead on the generally remedial nature of the ADEA statute ... rather than the essence of *this* action would, in our opinion, improperly elevate form over substance." (emphasis in original)). Nor did the court err in concluding that the TCPA claims here were claims for penalties and, as such, not assignable.

## IV.

◼ We further conclude that the trial court did not err in dismissing plaintiff's CCPA claims.

Like the TCPA, the CCPA prohibits sending unsolicited facsimile advertisements and imposes additional requirements on facsimile transmissions. *See* § 6-1-702(1)(a)–(b), C.R.S.2007. The trial court, relying on *iHire III,* concluded that plaintiff lacked standing to sue as an assignee under the CCPA because plaintiff's CCPA claims were penal in nature.

After the trial court dismissed plaintiff's CCPA claims, a division of this court concluded that, in accordance with section 6-1-113(1)(b), C.R.S.2007, CCPA claims may not be brought by parties whose assignors were not actual purchasers of the defendant's goods, services, or property. *U.S. Fax Law Center, Inc. v. Myron Corp.,* 159 P.3d at 747.

Although plaintiff argues that *Myron* was wrongly decided, we agree with the analysis and the holding of that case. Because plaintiff does not contend that any of its assignors was a consumer who purchased defendants' goods, services, or property, plaintiff lacked standing to bring a CCPA claim.

## CROSS–APPEAL

◼ On cross-appeal, defendants argue that the trial court erred in denying their motion for attorney fees under section 13-17-201. We conclude the motion was properly denied, although we reach that conclusion for reasons other than those relied on by the trial court. *See Brawner–Ahlstrom v. Husson,* 969 P.2d 738, 742 (Colo.App.1998) (court of appeals may affirm trial court's correct result even if it disagrees with that court's reasoning).

Section 13-17-201 requires a court to award reasonable attorney fees to the defendant "[i]n all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under [C.R.C.P. 12(b)]."

The trial court denied defendants' motion for fees because it concluded that plaintiff's claims were not brought "as a result of death [or] an injury to person or property within the meaning of [section] 13-17-201." Defendants assert on appeal that that ruling was erroneous in light of case law recognizing TCPA and CCPA claims as tort claims in the nature of a violation of the right to privacy. We need not decide whether the trial court's reasoning was correct, because we conclude that fees were unavailable under section 13-17-201 for a different reason.

Our cases have consistently recognized that, under the plain language of section 13-17-201, fees are available only if an entire tort action—not simply one or more claims in such action—is dismissed prior to trial under C.R.C.P. 12(b). *See Berg v. Shapiro,* 36 P.3d 109, 113 (Colo.App.2001) (trial court erred in awarding fees under section 13-17-201 where entire tort action was not dismissed); *Jaffe v. City & County of Denver,* 15 P.3d 806, 814 (Colo.App.2000) (reversing fee award where state law tort claims were dismissed pursuant to C.R.C.P. 12(b) but 42 U.S.C. § 1983 claim was dismissed on summary judgment); *Sundheim v. Board of County Commissioners,* 904 P.2d 1337, 1353 (Colo.App.1995) (attorney fee award under section 13-17-201 unavailable because one of plaintiffs' four claims had been restored in part), *aff'd,* 926 P.2d 545 (Colo.1996); *Holland v. Board of County Commissioners,* 883 P.2d 500, 510 (Colo.App.1994) (where trial court dismissed only three of plaintiff's claims for relief, defendants were not entitled to attorney fees under section 13-17-201); *First Interstate Bank v. Berenbaum,* 872 P.2d 1297, 1302 (Colo.App.1993) (where only one claim was dismissed under C.R.C.P. 12(b), award of

attorney fees under section 13–17–201 was contrary to plain language of statute).

Here, in addition to the TCPA and CCPA claims, plaintiff's complaint included claims for "negligence per se and negligence" and for injunctive relief. The trial court dismissed the TCPA and CCPA claims before trial under C.R.C.P. 12(b). It certified its orders dismissing those claims as a final judgment pursuant to C.R.C.P. 58(a) and 54(b), and defendants have not asserted that that certification was incorrect.

Although the trial court did not state anywhere that it was dismissing all claims prior to trial under C.R.C.P. 12(b), defendants assert on appeal that it "in fact" dismissed all the claims. Defendants may be correct that the claim for injunctive relief, which relies only on the TCPA and the CCPA as a basis for such relief, as well as the negligence per se claim based on the TCPA, were effectively dismissed when the TCPA and CCPA claims were dismissed. However, the same is not true of plaintiff's claim for relief based on common law negligence in paragraph 18.3 of its complaint: "The conduct of the respective defendants constitutes an invasion of privacy, a trespass, and a conversion of personal property of [plaintiff's assignors]." Nothing in the record indicates that this common law negligence claim was dismissed prior to trial under C.R.C.P. 12(b). Therefore, defendants were not entitled to attorney fees under section 13–17–201.

The judgment and the order are affirmed.

Judge WEBB and Judge BERNARD concur.