920 A.2d 649

ROBERT J. TRIFFIN, PLAINTIFF–APPELLANT, v. TD BANK-NORTH, N.A., (SUCCESSOR IN INTEREST TO HUDSON UNITED BANK), DEFENDANT–RESPONDENT.

ROBERT J. TRIFFIN, PLAINTIFF–APPELLANT, v. WACHOVIA BANK, N.A., (SUCCESSOR IN INTEREST TO FIRST UNION NATIONAL BANK), DEFENDANT–RESPONDENT.

Argued April 5, 2007—Decided May 2, 2007.

*Robert J. Triffin,* argued the cause *pro se.*

*Joseph M. Cerra,* argued the cause for respondent TD Banknorth, N.A. (*Forman Holt & Eliades,* attorneys).

*John D. North,* argued the cause for respondent Wachovia Bank, N.A. (*Greenbaum, Rowe, Smith & Davis,* attorneys; *Mr. North* and *John B. Nance,* on the brief).

PER CURIAM.

The question presented in these consolidated appeals is whether an assignee of the rights and interests in a dishonored check is entitled to enforce the midnight deadline of *N.J.S.A.* 12A:4–302 against a payor bank, thereby making the bank strictly liable for the check, regardless of whether it was properly payable.

This case arose when the payor banks (TD Banknorth, N.A. and Wachovia Bank, N.A.)[1] dishonored several checks that had been cashed by check-cashing entities. Those banks allegedly returned the checks in violation of the midnight deadline rule, which provides in relevant part:

---

[1] The banks named as defendants here are successors-in-interest to the payor banks: TD Banknorth is successor to Hudson United Bank, and Wachovia is successor to First Union National Bank.

If an item is presented to and received by a payor bank, the bank is accountable for the amount of:

(1) a demand item, other than a documentary draft, whether properly payable or not, if the bank, in any case in which it is not also the depository bank, retains the item beyond midnight of the banking day of receipt without settling for it or, whether or not it is also the depository bank, does not pay or return the item or send notice of dishonor until after its midnight deadline; or

(2) any other properly payable item unless, within the time allowed for acceptance or payment of that item, the bank either accepts or pays the item or returns it and accompanying documents.

[*N.J.S.A.* 12A:4–302(a).]

Plaintiff, Robert Triffin, entered into separate assignment agreements with check-cashing entities, pursuant to which he purchased their rights and interests in the dishonored checks. Thereafter, he filed small claims actions against TD Banknorth and Wachovia alleging that they wrongfully dishonored the checks in violation of the midnight rule and, accordingly, were strictly liable for the amount of the checks. Wachovia moved for summary judgment, and TD Banknorth moved for dismissal.[2] The trial judge granted both motions.

Triffin appealed. The Appellate Division consolidated the cases and affirmed. The panel held that an assignee of the rights and interests in a dishonored check may not enforce the statutory liability created by *N.J.S.A.* 12A:4–302 because the Legislature intended that statute to benefit only the payee, collecting banks, and others who may have received the check before dishonor.

■ We granted certification, 189 *N.J.* 426, 915 *A.*2d 1049 (2007), and now affirm substantially for the reasons expressed by Judge Coburn in his thorough and thoughtful opinion in *Triffin v. Bridge View Bank*, 330 *N.J.Super.* 473, 750 *A.*2d 136 (App.Div. 2000), on which the Appellate Division here relied. As Judge Coburn explained,

---

[2] Wachovia's motion was based solely on the ground that Triffin lacked standing to bring the claim against it. TD Banknorth also raised a standing argument and reserved its "right to contest each and every fact asserted by [ ] [Triffin] in this action."

*after* [the check's] untimely return and with full knowledge of its dishonor, [the assignee] has no vested interest in the timely payment or return of these checks.... Any argument to the contrary would misconstrue the nature of an enforcement action under [*N.J.S.A.* 12A:4–302]. It is a cause of action for a breach of statutory duty, not an action for collection of a negotiable instrument.

[*Id.* at 478, 750 *A.2d* 136 (internal quotations and citations omitted); *see also Am. Title Ins. Co. v. Burke & Herbert Bank & Trust Co.,* 813 *F.Supp.* 423, 428 (E.D.Va.1993), *aff'd,* 25 *F.3d* 1038 (4th Cir.1994) (holding only payee has standing to bring suit for bank's violation of midnight rule).]

■ We likewise note that Triffin can garner no support from *N.J.S.A.* 2A:25–1, which, in relevant part, permits assignment of "all choses in action arising on contract...." The action pursued in this case is not based on a contractual right, consequently it is not assignable. To the extent that dictum in *Triffin v. Mellon PSFS,* 372 *N.J.Super.* 3, 7–12, 855 *A.2d* 2 (App.Div.2004), suggests a contrary conclusion, it is disapproved.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice ZAZZALI and Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO and HOENS—7.

*Opposed*—None.