968 A.2d 177 (2009)
406 N.J. Super. 427
Robert J. TRIFFIN, Plaintiff-Appellant,
v.
WACHOVIA BANK, N.A., Defendant-Respondent.
Robert J. Triffin, Plaintiff-Appellant,
v.
Bank of America (Successor in interest to United Jersey Bank), Defendant-Respondent, and
U.S. Gourmet Food, LLC, Adaira Sanders, Keith Simmons and James Soto, Defendants.
A-6107-06T2, A-6685-06T3.
Superior Court of New Jersey, Appellate Division.
Argued October 8, 2008.
Decided January 20, 2009.
Robert J. Triffin, appellant, argued the cause pro se.
Jodi L. Rosenberg, Woodbridge, argued the cause for respondent Wachovia Bank, N.A. in A-6107-06T2 (Greenbaum, Rowe, Smith, and Davis, LLP, attorneys; Ms. Rosenberg, on the brief).
Gregg S. Sodini, Edison, argued the cause for respondent Bank of America in A-6685-06T3 (Sodini & Spina, LLC, attorneys; Daniel Barros, Washington, DC, on the brief).
Before Judges PARRILLO, LIHOTZ and MESSANO.
The opinion of the court was delivered by
MESSANO, J.A.D.
In each of these two appeals, argued back-to-back and consolidated for purposes of this opinion, plaintiff Robert J. Triffin challenges the motion judge's dismissal of his complaint with prejudice. We have considered the arguments he raises in light of the record and applicable legal standards. We affirm.

I.
"Plaintiff is in the business of purchasing dishonored negotiable instruments" and thereafter seeking collection as assignee of all rights and interests in those instruments. *178 Triffin v. Somerset Valley Bank, 343 N.J.Super. 73, 78, 777 A.2d 993 (App.Div.2001). We recite the relevant facts and procedural history as they relate to each appeal.

As to A-6107-06T2
On August 28, 2006, plaintiff executed an assignment agreement with CLCP, Inc., t/a Twin City Wine & Spirits, which transferred to plaintiff all rights and interests in twelve separate checks that were previously dishonored by defendant, Wachovia Bank, NA (Wachovia).
On February 16, 2007, plaintiff filed a complaint against Wachovia in which he claimed in six separate counts that defendant had "transfer[ed], present[ed], or return[ed]," six "substitute check[s]" "in violation of 12 C.F.R. 229.51 and 12 C.F.R. 229.52." Plaintiff attached to the complaint copies of his assignment agreement and each of the six substitute checks. In essence, plaintiff contended that as to each of the substitute checks, Wachovia had affixed stamps or other information that served to obliterate or obscure information as it appeared on the original check. Plaintiff claimed that by its "failure to return to [his] assignor a depicted check that sets forth all of the information that was on the original depicted check," Wachovia violated 12 C.F.R. 229.56.
Wachovia answered the complaint and moved for summary judgment on April 24, 2007. Plaintiff filed opposition and cross-moved for summary judgment. Wachovia argued that plaintiff lacked standing to bring any claim under 12 C.F.R. 229.51, that Twin City could not assign plaintiff its right to a statutory cause of action, and that plaintiff had not demonstrated any proximately-caused damages as a result of the alleged regulatory violations. In particular, Wachovia argued that the recently decided Supreme Court decision of Triffin v. TD Banknorth, N.A., 190 N.J. 326, 920 A.2d 649 (2007), was dispositive of the issues presented.
The motion judge concluded that plaintiff was "not a payor or payee, drawer or drawee" of any of the checks, and that he took his assignment "after knowledge of a dishonored check or instrument." Based upon the holding in TD Banknorth, supra, the judge concluded that plaintiff "does not come under the purview of the protection required by the regulations." He granted Wachovia's motion and dismissed plaintiff's complaint. Plaintiff's subsequent motion for reconsideration was denied, and this appeal ensued.

As to A-6685-06-T3
On September 20, 2006, plaintiff filed his complaint against defendants Bank of America (BOA), U.S. Gourmet Food LLC, Adaira Sanders, Keith Simmons, James Soto, and various fictitious defendants.[1] In each of the counts involving BOA, plaintiff alleged that he was the assignee of rights held by various assignors who presented checks subsequently dishonored by BOA. As to each of those dishonored items, BOA supplied a substitute check that plaintiff alleged violated 12 C.F.R. 229.51 and 12 C.F.R. 229.52. Specifically, plaintiff alleged that some of the information that was present on the original checks had been obliterated by stamps affixed to the item by BOA, or that the substitute check lacked all of the information contained on the original check.
BOA filed an answer with separate defenses and cross-claims on January 1, 2007, asserting, among other things, that plaintiff failed to state a claim and lacked standing to maintain the action. Trial *179 commenced on May 1, and proceeded thereafter intermittently for several days.
We need not recount at length the testimony at trial because we agree with the trial judge that the issue presented was purely a legal one. It suffices to say that prior to the conclusion of the testimony expected from all the defense witnesses, BOA moved to dismiss plaintiff's complaint with prejudice. It argued that plaintiff lacked standing to bring the suit and that his claim was based upon the assignment of a statutory right. Relying upon TD Banknorth, supra, the judge concluded that plaintiff was "seeking to recover under a statutory right, not a contractual right," and did not have standing to pursue the action. This appeal followed.

II.
Plaintiff contends in each appeal that the claims made pursuant to 12 C.F.R. 229.56 were not statutory claims for relief, but rather were contractual in nature and therefore assignable. He contends that as a result each judge erroneously concluded he lacked standing to pursue the claims as assignee of all rights and interests in the checks. Our consideration of this point resolves both appeals.
In TD Banknorth, supra, the Supreme Court considered whether this same plaintiff as assignee of dishonored checks could pursue a claim against payor banks for allegedly violating the "midnight deadline," N.J.S.A. 12A:4-302. 190 N.J. at 327, 920 A.2d 649. The Court affirmed the dismissal of plaintiff's claims substantially for the reasons expressed in our opinion in Triffin v. Bridge View Bank, 330 N.J.Super. 473, 750 A.2d 136 (App.Div.2000).
In Bridge View, we held that "after [the check's] untimely return and with full knowledge of its dishonor, [an assignee] has no vested interest in the timely payment or return of these checks.... Any argument to the contrary would misconstrue the nature of an enforcement action under [N.J.S.A. 12A:4-302]. It is a cause of action for a breach of statutory duty, not an action for collection on a negotiable instrument." Id. at 478, 750 A.2d 136 (internal quotations and citations omitted)(emphasis added). The TD Banknorth Court went on to further note that plaintiff's claim under N.J.S.A. 12A:4-302 was "not based on a contractual right, [and] consequently ... [was] not assignable[,]" pursuant to N.J.S.A. 2A:25-1, which "permits assignment of `all choses in action arising on contract....'" TD Banknorth, supra, 190 N.J. at 329, 920 A.2d 649.
Plaintiff argues that the regulatory scheme at issue in these cases confers a contractual right upon him as assignee to bring suit for any violations committed by defendants, thus distinguishing these cases from TD Banknorth. We disagree.
The regulations at issue were adopted pursuant to the Check Clearing for the 21st Century Act (the Check 21 Act), 12 U.S.C. 5001-5018, enacted by Congress on October 28, 2003, and made effective on October 28, 2004. In adopting the regulations, the Board of Governors of the Federal Reserve System sought to enhance the "ability of banks that want to process checks electronically to take full advantage of that technology." 69 Fed. Reg. 47290 (August 4, 2004).
Pursuant to the Check 21 Act, in lieu of supplying the actual returned check, a bank may provide a "substitute check" which is "the legal equivalent of the original check for all purposes ... and persons," if it meets certain criteria. 12 U.S.C.A. 5003(b); 12 C.F.R. 229.51(a). Among other things, the substitute check must "[a]ccurately represent [ ] all of the information on the front and back of the original check[.]" Ibid. A substitute *180 check meeting the criteria "shall be subject to any provision ... [of] the U.C.C., and any other applicable federal or state law as if such substitute check were the original check, to the extent such provision of law is not inconsistent with the Check 21 Act." 12 C.F.R. 229.51(c).
Pursuant to the Check 21 Act, "[a] bank that transfers, presents, or returns a substitute check and receives consideration for the check warrants ... that ... the substitute check meets all the requirements for legal equivalence[.]" 12 U.S.C.A. 5004(1); 12 C.F.R. 229.52(a). This warranty flows "to the person to which the bank transfers, presents, or returns the substitute check or a paper or electronic representation of such substitute check and to any subsequent recipient, which could include a collecting or returning bank, the depositary bank, the drawer, the drawee, the payee, the depositor, and any indorser." 12 C.F.R. 229.52(b). "[A]ny person who ... breaches [this] warranty ... shall be liable ... in an amount equal to ... the amount of the loss suffered by the other person as a result of the breach ... [up][to] the amount of the substitute check[,]" and "[i]nterest and expenses (including costs and reasonable attorney's fees and other expenses of representation) related to the substitute check." 12 U.S.C.A. 5009(1); 12 C.F.R. 229.56(a)(1)(i) and (ii). Plaintiff argues that Wachovia and BOA violated these provisions because the substitute checks they provided to plaintiff's assignor bore stamps that obliterated some of the information contained on the original checks, including in some cases the name and address of the payor, or the payee's endorsement, etc. He further argues that because the cause of action created by the Check 21 Act is based upon "warrant[ies]" provided by the individual banks who received "consideration" on the basis of the substitute check, his cause of action is based in contract.
We find no merit whatsoever to this argument. Plaintiff's claim rests solely upon the assignments he received in each case. He concedes that any claims possessed by his individual assignors were based solely upon alleged breaches of the warranties contained in the Check 21 Act, not on any contractual relationship they had with the banks involved. Such a claim is not assignable, and plaintiff, therefore, has no standing upon which to sue either Wachovia or BOA for alleged violations of the Check 21 Act. TD Banknorth, supra 190 N.J. at 328-329, 920 A.2d 649.
We view the balance of plaintiff's claims to be of insufficient merit to warrant any further discussion in this opinion. R. 2:11-3(e)(1)(E).
The order under review in A-6107-06T2 is affirmed; the order under review in A-6685-06-T3 is also affirmed.
NOTES
[1] Any issues regarding defendants other than BOA are not before us.